## INTERNATIONAL MILLING CO. v. JERNIGAN.
### No. 2659.

Court of Civil Appeals of Texas. Waco.
Dec. 27, 1945.

Turner, Rodgers & Winn, of Dallas, for appellant.

Bowlen Bond, of Teague, for appellees.

LESTER, Chief Justice.

Appellee, in his original petition, sued the International Milling Company, a foreign corporation, the Palestine Grain Company, a corporation, and V. E. McLeod for $900 as damages for the loss of hogs which he alleges were poisoned by eating bran which contained arsenic. He further alleged that he bought the bran from McLeod, and that said bran was milled and manufactured by the defendant, International Milling Company, and in this connection he alleges:

"1. That plaintiff is engaged, among other things, in the business of raising and feeding livestock in Freestone County; that the defendant, V. E. McLeod is engaged in the business of selling at retail, livestock feedstuffs, grain and seeds in the town of Teague, Freestone County, Texas; that defendant, Palestine Grain Company, is engaged in the business of a jobber, dealing in grain and mixed feeds over a territory including Freestone County; that defendant, International Milling Company, is engaged in the business of milling, mixing and packing wheat, grain and other food and mixed feeds, and selling the same for human and animal consumption in the State of Texas.

"2. Plaintiff would further show that on or about the 29th day of June, 1945, this plaintiff purchased from defendant, V. E. McLeod, a sack of wheat bran for his use in feeding hogs; that said sack of wheat bran was distributed and delivered by defendant, Palestine Grain Company in Freestone County, and was milled and manufactured by defendant, International Milling Company. That said sack of wheat bran bore the label and tag of International Milling Company at the time of its purchase as aforesaid, showing the same to be wheat bran and free from impurities or poison. That the sack of wheat bran aforesaid was fed by this plaintiff to

nine head of hogs in his pens in Freestone County and that each of said hogs died as a result of eating the wheat bran aforesaid. That the said wheat bran contained arsenic, which was poisonous to livestock and which caused the death of the hogs as aforesaid."

And in Paragraph 3 he further alleges: "Plaintiff alleges that the wheat bran sold this plaintiff as aforesaid, was milled, mixed and labeled by defendant, International Milling Company, and that the same contained arsenic poisoning at the time of its sale by said corporation; that the mixing of arsenic with the livestock feed and the failure of defendant International Milling Company to so label the feedstuff was a violation of the law and was negligence on the part of said defendant and was the direct and proximate cause of the loss and injury to plaintiff."

Plaintiff pleaded that · if he should be mistaken in that the International Milling Company is not guilty of the injury complained of, then in the alternative he alleges that the defendants Palestine Grain Company and V. E. McLeod caused the wheat bran to be mixed and contaminated with arsenic poison by permitting the bran to come in contact with the arsenic and that such action on the part of the defendants was negligence and the direct and proximate cause of the damages sustained by plaintiff. Plaintiff alleges his damages were the direct and proximate result of the hogs eating the bran containing said poison and prayed for judgment against the International Milling Company, Palestine Grain Company and V. E. McLeod, jointly and severally, for such damages sustained.

The International Milling Company filed its plea of privilege, asking the court to transfer the suit against it to the District Court of Hunt County. Plaintiff controverted the plea of privilege by adopting the allegations contained in his original petition, and further alleged that the International Milling Company and V. E. McLeod impliedly warranted the wheat bran to be fit for livestock consumption and free from poison and other harmful impurities; that the poison contained in the wheat bran was a direct and proximate cause of the loss of the hogs and seeks to sustain venue against International Milling Company under Section 4, Article 1995, Revised Civil Statutes of 1925, as amended, Vernon's Ann.Civ.St. art. 1995,

subd. 4. Upon the hearing of said plea the court overruled the same and the cause is before this court for review.

■ Appellant contends that plaintiff's pleading is insufficient in that it does not allege a joint cause of action against V. E. McLeod, the resident defendant, and the International Milling Company. The plaintiff alleges that his hogs were poisoned by eating wheat bran that contained arsenic; that the International Milling Company manufactured said wheat bran and labeled the same showing it to be wheat bran free from poison and that he bought said wheat bran from V. E. McLeod, the resident defendant, who is a retail feed dealer. If the International Milling Company did, as alleged by the plaintiff, manufacture and sack the said bran and label it as being free from poison and put it on the market to be used for livestock feed, it certainly warranted said bran to be fit for livestock consumption. When V. E. McLeod sold the same to the plaintiff he also impliedly warranted it to be fit to be fed to livestock. While the plaintiff did not use the exact word "warrant" in his petition, he nevertheless set out facts sufficient to show that the defendants did warrant the fitness of the bran in question, and in his prayer he prayed for judgment against all of the defendants jointly and severally and thereby alleged a joint cause of action against McLeod and the International Milling Company. This is especially so under our more liberal mode of pleading since the adoption of the new rules of civil procedure, in that pleadings should be construed so that they will best serve the ends of justice of all the parties. Appellee, at least, plead a cause of action against McLeod so intimately connected with the cause of action plead against the International Milling Company that the two may be joined under the rule intended to avoid multiplicity of suits.

■ To come under Section 4 of Article 1995, R. C. S., it has been held by the Supreme Court that a "plaintiff, who seeks to obtain benefit of exception in venue statute permitting suit in any county where one of defendants resides, must allege and prove joint cause of action against resident and nonresident defendants, or cause of action against resident defendant so intimately connected with cause of action against nonresident defendant that two may be joined under rule

intended to avoid multiplicity of suits; proof that suit is of such nature being supplied by plaintiff's petition." Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300.

■ Appellant further contends that the court erred in overruling the plea of privilege of the defendant International Milling Company for the reason that plaintiff failed to prove that the resident defendant V. E. McLeod was guilty of negligence as alleged. Plaintiff proved by McLeod that he was in the business of selling livestock feed in Teague, Freestone County, Texas, and that he had bought twenty-five sacks of wheat bran milled by the defendant International Milling Company and that his employee, on or about the date as alleged in plaintiff's petition, had sold the plaintiff one of the sacks of wheat bran. Plaintiff testified that he bought said sack of bran from McLeod and introduced in evidence the sack that contained the said bran, which had a label on the side of the sack showing that it was wheat bran manufactured by the International Milling Company and showing what its contents were supposed to be, and which did not show that it contained any arsenic poison. Plaintiff further proved that he had an analysis made of some of the wheat bran and that the same contained arsenic. Therefore, we think the evidence is sufficient to show that the International Milling Company milled the bran and put it on the market to be sold for feed to livestock and that V. E. McLeod, being a feed dealer, sold the same to plaintiff for livestock feed and thereby warranted the same to be fit for livestock consumption and free from poison. Jacob E. Decker & Sons, Inc. v. Capps, 139 Tex. 609, 164 S.W.2d 828; 55 C.J. p. 768(734).

The judgment of the trial court is therefore affirmed.