**SWIFT & CO. et al. v. MACKEY.**

No. 2694.

Court of Civil Appeals of Texas. Eastland.

Dec. 10, 1948.

Rehearing Denied Dec. 31, 1948.

Joseph A. Chandler, of Stephenville, for appellant.

Chas. Nordyke and G. H. Williamson, both of Stephenville, for appellee.

GRAY, Justice.

This is a plea of privilege case. Appellee, Doyle F. Mackey, filed suit in the District Court of Erath County, Texas, against Luther Pack, doing business in Stephenville, Erath County, as Pack's Grocery, and Swift & Company, alleged to be a corporation, whose domicile and principal place of business is in Fort Worth, Tarrant County, Texas, for damages alleged to have been sustained by plaintiff as the result of eating ice cream from a package containing a dead mouse, which package of ice cream was alleged to have been manufactured, sold and delivered by Swift & Company to said Pack's Grocery, retailer, from which plaintiff purchased same.

Swift & Company filed its plea of privilege to be sued in Tarrant County, which plea was controverted. Hearing was had on said plea and controverting affidavit and taken under advisement by the court. Some time afterward, on motion of plaintiff and over objection by said defendant, the court reopened the case for further testimony, after which the plea of privilege was overruled, from which order, Swift & Company has appealed.

The petition was incorporated into and made a part of the controverting affidavit. We quote two pertinent paragraphs from said controverting affidavit:

"Such allegations show and aver, and it is a fact, that the defendant, Swift & Company, is a corporation, and that the cause of action therein alleged, and herein alleged happened, took place, and arose in Erath County, Texas, which brings this action within the meaning of Exception 23, to Article 1995 of Vernon's Ann.Civ.St.

"Such allegations show and aver, and it is a fact that the defendant, Luther Pack, was and is a representative and/or agent of the Defendant, Swift & Company, and that he resides in Erath County, Texas, and is made a party in this suit, thereby bringing this cause of action within the meaning of Exception 29a to Article 1995 of Vernon's Ann.Civ.St. And it is alleged in such petition that the Defendant, Luther Pack, resides in Erath County, Texas, and such allegations are true and correct."

The pertinent part of Exception 23 reads as follows:

"Suits against a private corporation, association, or joint stock company may be brought in the county in which its principal office is situated; or in the county in which the cause of action or part thereof arose; or in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation, association or company has an agency or representative in such county;"

Exception 29a reads as follows:

"Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defend-

ants, then such suit may be maintained in such county against any and all necessary parties thereto."

█ It is so elementary as not to require citation of authorities that to defeat a plea of privilege, the plaintiff must not only plead but prove the venue facts on which he relies. In his effort to sustain venue as against Swift & Company in Erath County under Exception 23, it was alleged that "Swift & Company is a corporation, and that the cause of action therein alleged (in the petition) and herein alleged happened, took place, and arose in Erath County, Texas." No proof was made that Swift & Company was a corporation, or that in fact Swift & Company manufactured, sold or delivered such package in Erath County. All the evidence was to the contrary except said package had what was purported to be a Swift & Company label. It was alleged in the petition and in the controverting affidavit, that Swift & Company had an agent or representative in Erath County. The only testimony on this point was by defendant Pack, that while he handled Swift's Ice Cream, he did not buy same from Swift & Company, but from a Mr. Harper, to whom payment was made in cash; that he did not know from whom Harper purchased it, and that he (witness) had no dealings with Swift & Company. All the evidence negatives the idea that Swift & Company had anything to do with the sale or delivery of the package in question, to defendant Pack.

█ In construing Exception 23 as to corporations, the courts seem agreed on the proposition that it must be proven that the corporation had some affirmative part in the act or transaction resulting in the alleged injury. Pittman & Harrison Co. v. Shook, Tex.Civ.App., 228 S.W. 993, and authorities therein cited; Rio Grande Valley Citrus. Exchange et al. v. Leche & Leche, Inc., Tex.Civ.App., 144 S.W.2d 1015; Stone Fort Nat. Bank of Nacogdoches v. Forbess, 126 Tex. 568, 91 S.W.2d 674. Appellant cites Amarillo Coca-Cola Bottling Co., Inc., v. Loudder et al., Tex. Civ.App., 207 S.W.2d 632, involving Exception 23. But in said case, it was shown that appellant twice each week delivered Coca Cola to the retailer in Randall County where the cause of action arose and where suit was filed. In the case of Panther Oil & Grease Mfg. Co. v. Schumaker, Tex.Civ. App., 166 S.W.2d 205, the appellant corporation had its domicile in Tarrant County. Suit was filed in Jackson County. Venue in Jackson County was sustained under Exception 23, because the contract for the alleged inferior oil and grease sold to appellee was entered into in Jackson County. In Brown Cracker & Candy Co. v. Jenson et al., Tex.Civ.App., 32 S.W.2d 227, on which appellee also relies, it was shown that appellant manufactured and sold the candy involved to F. W. Woolworth Company who retailed it in Johnson County.

█ In reliance upon Exception 29a, appellee alleged that defendant Luther Pack was and is the representative and/or agent of the defendant, which, as pointed out above, was not sustained by the evidence. The record does not disclose under which exception the trial court overruled the plea of privilege. The controverting affidavit mentioned only 23 and 29a. The case seems to have been tried on that theory. No other exception was relied on in appellee's original brief. But in the oral argument on submission of the case, counsel for appellee brought Exception 4 into the case. Without deciding, we express a serious doubt as to whether we would be authorized to consider said exception. We are familiar with those decisions which hold that it is not necessary specifically to name the exception in the controverting affidavit, but from the facts pleaded and proved, the court will make the application. But those cases do not appear to be in complete harmony with Rule 86, Texas Rules of Civil Procedure, which in part provides that the controverting plea shall set out specifically the ground relied upon to confer venue of the cause on the court where the cause is pending. In so far as the record shows, appellees placed their sole reliance on 23 and 29a. They specifically pleaded said exceptions. Neither the trial court nor appellant had notice that appellee would

also rely on Exception 4. See Rule 86, Texas Rules of Civil Procedure; Victoria Bank & Trust Co. v. Monteith et al., 138 Tex. 216, 158 S.W.2d 63; Merchants Fast Motor Lines v. Levens, Tex.Civ.App., 161 S.W.2d 853; Douglass v. Flintkote Co., Tex.Civ.App., 207 S.W.2d 635.

Since the case has not been fully developed, we have concluded that the ends of justice would be better subserved by reversing and remanding the cause, and it is so ordered.

Reversed and remanded.