**INTERNATIONAL HARVESTER COMPANY, Appellant,**

v.

**C. E. FARIS et al., Appellee.**

No. 7173.

Court of Civil Appeals of Texas.

Amarillo.

Sept. 24, 1962.

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, for appellant.

Douglass, Thompson & Douglass, Pampa, for appellee.

NORTHCUTT, Justice.

This is a venue case. The plaintiffs, C. E. Faris, et al., will hereafter be referred

to as appellees and the International Harvester Company as appellant. Appellees brought this suit in the District Court of Gray County against Utility Oil Company, a Texas corporation, hereinafter called Utility, and International Harvester Company, a foreign corporation, for the wrongful death of J. D. Smithee and wife, Edith H. Smithee, on or about October 28, 1959, when their automobile was struck head-on by an International truck owned by Utility and driven by its employee, Don P. Losher, alleging negligence on the part of both defendants.

Appellant filed its plea of privilege to be sued in Dallas County, the county of its registered office and principal place of business in Texas, and appellees controverted, asserting venue in Gray County under Subdivision 9a and 29a of Article 1995, Vernon's Tex.Civ.St.

The plea was heard on September 15, 1961, and order overruling the plea was entered on October 13, 1961, and from that order appellant perfected this appeal.

Appellees seek to hold venue under Sections 9a and 29a of Article 1995, V.T.C.S., and probably under Section 4 of Article 1995, V.T.C.S. The reason we say "probably Section 4" is because it is not definitely set out in the controverting plea. We are unable to find any evidence to connect the appellant with this suit other than the fact that the truck in question was an International truck. Section 9a provides as follows:

"Negligence.—A suit based upon negligence per se, negligence at common law or any form of negligence, active or passive, may be brought in the county where the act or omission of negligence occurred or in the county where the defendant has his domicile. The venue facts necessary for plaintiff to establish by the preponderance of the evidence to sustain venue in a county other than the county of defendant's residence are:

"1. That an act or omission of negligence occurred in the county where suit was filed.

"2. That such act or omission was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment.

"3. That such negligence was a proximate cause of plaintiff's injuries."

In order for plaintiffs to hold venue in Gray County under 9a, they had the burden of establishing that an act or mission of negligence occurred in Gray County. Watkins et al. v. Goolsby et al., Tex.Civ. App., 337 S.W.2d 363. There is nothing in the record to indicate that appellant ever did any act in Gray County, and if appellant was negligent in the acts alleged, there is no evidence to indicate it was in Gray County. The record does not show the appellant ever sold the truck to anyone in Gray County. If appellant was guilty of the negligence as pleaded, there is no evidence to indicate where it happened. Furthermore, there is no evidence that Utility Oil Company had its principal office in Gray County. The question of inhabitancy must be determined, not by residence of any particular officer, but by the principal office of the corporation. Eastman Kodak Co. v. Boyce Motor Lines, Inc., D. C., 74 F.Supp. 981. Section 29a provides as follows:

"Two or more defendants.—Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto. As added Acts 1927, 40th Leg., 1st C.S., p. 197, ch. 72, § 2."

No grounds can be considered in support of the venue except such as are set up in the controverting affidavit. Papas v. Harmon, Tex.Civ.App., 263 S.W.2d 269; Victoria Bank & Trust Co. v. Monteith et al., 138 Tex. 216, 158 S.W.2d 63 by Com. of App. and adopted by Sup.Ct.

Since Section 29a is ancillary to other exceptions to Article 1995, we will consider Sections 4 and 29a together. Under Section 4 it was necessary for the appellee to prove that the defendant, Utility Oil Company, had its principal office in Gray County. That was not done. It is stated in the case of Tarrant et al. v. Walker, 140 Tex. 249, 166 S.W.2d 900 as follows:

"Subdivision 29a, supra, is purely ancillary to other exceptions to Article 1995, and can never be invoked to fix venue in a given county independent of some one of those exceptions. It relates only to suits brought in a county where no defendant resides or is domiciled, but which can be maintained there against one defendant under some other exception of that article. Pioneer Bldg. & Loan Ass'n v. Gray, 132 Tex. 509, 125 S.W.2d 284, supra; Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.2d 347."

There is no evidence that appellant manufactured, sold, or delivered the truck in Gray County, but it is shown the Utility Company purchased the truck from the International Harvester Company in Pampa. There is no evidence in any manner to connect the International Harvester Company in Pampa with appellant. Swift & Co. et al. v. Mackey, Tex.Civ.App., 216 S.W.2d 242.

■ A necessary venue fact to be shown under Subdivision 4 is that one of the defendants is a resident of the county of the suit. Rains-Talley Funeral Home v. Adams et al., Tex.Civ.App., 231 S.W.2d 999 and the cases there cited. These matters are not made by the introduction of the allegations of the petition or of the controverting affidavits. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300 by the Com. of App. opinion adopted by Sup. Ct.

■ We are of the opinion the necessary facts to hold venue in Gray County were not shown. We reverse the judgment of the trial court and herein render judgment sustaining the plea of privilege of the non-resident defendant, International Harvester Company, and order venue changed as to said company to a district court of Dallas County, Texas.