**CHARLES PFIZER AND COMPANY, Inc.,** Appellant,

v.

**Leonard BRANCH,** Appellee.

No. 3780.

Court of Civil Appeals of Texas.

Eastland.

March 8, 1963.

Rehearing Denied March 29, 1963.

 

Crenshaw, Dupree & Milam, Lubbock, for appellant.

Scarborough, Black & Tarpley, Abilene, for appellee.

GRISSOM, Chief Justice.

Leonard Branch's minor sons owned two calves that had just been "worked" which they intended to develop as 4-H Club calves. Mr. Branch bought "Combiotic" from a store in Stonewall County. It was manufactured, sold and distributed by Charles Pfizer and Company, Inc., for the purpose of having it injected into animals by its purchasers to prevent infection. Mr. Branch properly injected the Combiotic. There was a severe reaction. One calf died within fifteen minutes after the injection. Mr. Branch tried unsuccessfully to obtain the services of a veterinarian but was not able to do so until the next morning. When the veterinarian arrived the next morning the second calf was dead. Branch sued Pfizer for damages caused by the alleged negligence of Pfizer in, among other things, failing to adequately warn purchasers of the medicine that if a severe reaction was caused by injection of the Combiotic that a certain antidote should be promptly given. Pfizer's plea of privilege was overruled. Pfizer has appealed.

Appellant contends that the court erred in overruling its plea of privilege because appellee (1) failed to prove a cause of action against it, (2) failed to prove by a preponderance of the evidence that any negligent act or omission was committed by appellant in Stonewall County and (3) failed to prove that any negligent act or omission of appellant was a proximate cause of his damages. Appellee says the court did not err in overruling appellant's plea of privilege because appellee did prove by a preponderance of the evidence the cause of action alleged and that a part thereof arose in Stonewall County, and, therefore, the suit was maintainable in Stonewall County by virtue of exception 23, Article 1955, Vernon's Ann.Civ.St. He further says

there was sufficient evidence to support the court's implied findings that appellant was negligent and that appellee's damages were proximately caused by said negligence.

There was evidence from which the trial court could properly find that Combiotic was manufactured, sold and distributed by appellant for the purpose and with the intention that it should be used by purchasers as it was used by Mr. Branch; that, while the package had printed thereon a warning that if cattle reacted to the medicine its use should be discontinued, the warning was inadequate and that the notice should have warned purchasers that if a severe reaction was caused by the medicine a certain antidote should be promptly given. There was evidence that it was well known in the drug manufacturing industry that some cattle would have severe reaction to such a medicine and that when they did, unless certain well known antidotes were promptly given, the cattle would probably die.

■ Branch had the burden of alleging and proving a cause of action against Pfizer and that a part thereof arose in Stonewall County. From the matters mentioned we conclude that he did prove a cause of action against Pfizer and that a part thereof arose in Stonwall County. Therefore, we hold that the suit was maintainable in Stonewall County under exceptions 23 and 27, Article 1995. Mid-West Oil Corporation v. Eisner, Tex.Civ.App., 341 S.W. 2d 185, 187.

Appellant contends that, assuming negligence was shown, appellee failed to show that such negligence was a proximate cause of his damage. It argues that this is necessarily true because Mr. Branch testified that he did not read the warning on the container, towit, that if a calf reacted use of the medicine should be discontinued and therefore, if it had given the warning appellee says should have been given, that Mr. Branch would not have read it. Mr. Branch testified that he had been using this medicine for about eight years and that he had not suffered from its use prior to the death of these calves. The court could have reasonably concluded that during the time this medicine was used by Mr. Branch, if there had been a proper warning, Mr. Branch would have learned of it and acted accordingly.

In Spruill v. Boyle-Midway, Incorporated, 4 Cir. 308 F.2d 79, it was held that a manufacturer of an inherently dangerous product could not avoid liability for injury caused by use of its product where warning of the danger was insufficient, although the user admitted he had not read the label containing the warning. It was further held that sufficiency of the warning was a question of fact. In Wright v. Carter Products, Inc., 2 Cir., 244 F.2d 53, a remote vendee recovered damages from a manufacturer of cosmetics that caused dermatitis. It held there was a question of fact whether the manufacturer should have foreseen the possibility of injury to some potential users and warned them. It was stated that liability for failure to discharge a duty to warn the persons of danger from the use of a product by inserting appropriate words of caution was rightly borne as a cost of producing and selling a commodity for use by the public, whose knowledge of the potential danger may be greatly inferior to that of the manufacturer. In E. I. Du Pont de Nemours & Company v. Baridon, 8 Cir., 73 F.2d 26, it was held that the fact that a plant disinfectant was sold as a patented product through dealers to growers did not relieve the manufacturer from responsibility for negligence with respect to directions given by the manufacturer for use of the product.

■■ We think the court properly concluded that the statement on the label that if an allergic reaction set in use of the medicine should be discontinued was an inadequate warning. The facts of this case show that when a severe reaction was had that mere discontinuance of use of the Combiotic was of no avail. Appellant did not advise doing the only thing that could have helped. It gave no antidote. The evidence justified

the conclusion that when there was a severe reaction unless a known antidote was promptly administered the cattle would probably die; that these facts were known to appellant; that necessity for the antidote was not known to Branch, nor would it have been known to the ordinary purchaser and user of the medicine. The cause of action arose in part in Stonewall County when the medicine was sold by the dealer in Stonewall County without adequate warning.

The judgment is affirmed.