**MICHLIEN TIRE COMPANY et al., Appellants,**

v.

**Eugene PENDLAND, Appellee.**

No. 6843.

Court of Civil Appeals of Texas.

Beaumont.

Jan. 26, 1967.

On Rehearing March 16, 1967.

Rehearings Denied April 12, 1967.

Blades, Crain, Slator, Winters & Ross, Houston, A. D. Henderson, Palestine, for appellants.

Martin Dies, Jr., Garrison, Renfrow, Zeleskey, Cornelius & Rogers, Lufkin, for appellee.

## ON MOTION FOR REHEARING

HIGHTOWER, Chief Justice.

The former opinion of this court is withdrawn and the following substituted in lieu thereof.

This is a venue case. A full statement of facts accompanies the record. The parties will be referred to as they were in the trial court or by name.

Plaintiff alleged: That he was injured while mounting a tire and tube when the tube exploded; he was employed by Land O'Pines Dairy Products Company which purchased the tire and tube from defendant Owens Tires, Inc.; that defendant Michlien Tire Company manufactured the tire and tube and that the tube was defective; that plaintiff was a resident of Angelina County and that his injury was sustained in such county; that defendant, Michlien Tire Company, was a New York corporation; that defendant, Owens Tires, Inc., was a Texas corporation, doing business in Palestine, Anderson County, Texas. In his controverting affidavits plaintiff relied upon Sections 9a, 27 and 29a, Article 1995, Vernon's Ann.Civ.St., to hold venue in Angelina County as to defendant Michlien Tire Company and Sections 9a, 23 and 29a, Article 1995, Vernon's Ann.Civ.St., as to defendant, Owens Tires, Inc.

The first question is whether or not Owens Tires, Inc. waived its plea of privilege by filing certain instruments of pleadings in reply to plaintiff's pleadings. Such pleadings were not made subject to the court's action on the pleas, and were not filed prior to the final rendition, in open court, of the formal order overruling the pleas of privilege.

Concluding evidence was heard on the pleas September 3, 1965. The only relevant pleadings then before the court being *plaintiff's first amended original petition* and said pleas of privilege and controverting affidavits. On November 29, 1965, the trial judge wrote this letter to the attorneys of record:

"Gentlemen:

"Defendants' Pleas of Privilege are overruled. Counsel for the plaintiff is requested to prepare the proper order, submit same to counsel for the defendants for approval as to form and forward same to the Court to be entered among the papers of this cause.

Yours very truly,

Jack Pierce"

December 3, 1965 plaintiff filed his second amended original petition and on the same date (December 3, 1965) Owens Tires, Inc. filed application for leave to file third party complaint against Jack Skaggs, d/b/a Skaggs Rubber Company and Michlien Tire Company. Also, on said date of December 3, 1965 Owens Tires, Inc. filed its amended answer and cross-claim against Jack Skaggs, d/b/a Skaggs Rubber Company and Michlien Tire Company, which answer

included special exceptions to plaintiff's second amended original petition.

On December 6, 1965 the trial judge called the case for trial on its merits. Plaintiff announced "ready" on the merits and Owens Tires, Inc. announced "not ready" because of its motion for leave to add third party defendant. On said date of December 6, 1965 the court extended leave to Owens Tires, Inc. to file its third party action and citation was issued thereunder on said date and trial on the merits was deferred. December 15, 1965 the pleas of privilege of each of the original defendants was overruled by order signed and entered, thus confirming the action taken by Judge Pierce in his letter of November 29th, supra.

Plaintiff stresses in his brief that the action of Owens Tires, Inc. in regard to its aforesaid pleadings was done prior to the action of the trial court on December 15th on its plea of privilege and that such plea was thereby waived.

We stress that the pleadings of Owens Tires, Inc., including its cross-claim against Jack Skaggs and Michlien Tire Company, above referred to, were filed *after* all parties had received Judge Pierce's letter. We therefore conclude that such pleadings are not to be considered by us for any purpose other than determining plaintiff's contention of waiver aforesaid. Galloway v. Nichols, Tex.Civ.App., 269 S.W.2d 850.

It is our opinion that the letter of the trial judge constituted action on the plea of privilege insofar as waiver is concerned. It is clear and undisputed by the whole of the record before us that the trial judge and all parties concerned accepted the judge's letter as a pronouncement determinative of the plea of privilege of Owens Tires, Inc. by calling for announcements for trial on the merits December 6, 1965. Owens Tires, Inc. waited until the very last reasonable moment before taking any action to protect itself on the merits against the plaintiff or the third party defendant and we do not believe that under such cir-cumstances it should be held to have waived its plea of privilege. Any holding to the contrary would result in undue hardship and injustice, jeopardizing the rights of any defendant in circumstances where he would not have a reasonable opportunity to file appropriate pleadings for his protection. Moreover, such a holding would assuredly constitute a travesty on our judicial system generally and particularly upon the integrity of the honorable trial judge. The case of Canales v. Salinas, Tex.Civ.App., 288 S.W.2d 207, cited by plaintiff on this point, only involved the right of a trial judge to withdraw announcement of his action on a plea of privilege contained in a letter prior to the formal rendition thereof and is, therefore, not in point.

We further hold that plaintiff's evidence failed to sustain the material allegations of his pleadings against the defendants. Plaintiff's own evidence (Exhibit 1), adduced on the hearing, consists of an invoice, No. 22293, and a bill. Each of these clearly shows that Land O'Pines Dairy Products Company did not obtain the tire and tube in question from Owens Tires, Inc. These instruments clearly show that the customer was Land O'Pines Dairy Products Company of Lufkin and that the company selling the tire and tube and doing the billing was *Owens & Carter Tire Company* of Palestine, Texas. There are no allegations or proof that the defendant, Owens Tires, Inc., and Owens & Carter Tire Company were one and the same, or at anytime had any connection with each other. In fact, there is no intimation to such effect in the record. Plaintiff himself testified that the tire and tube was purchased from Owens & Carter Tire Company. He also testified that he had no idea where Owens & Carter Tire Company obtained the same. There is no evidence in the record that defendant, Owens Tires Inc., ever had anything to do with these tires, or that Michlien Tire Company manufactured, sold or dealt in tires or tubes or had any connection with the tire and tube in question. True, the plaintiff and

witness, Jenkins, testified that the tube bore the word "Michlien", but there is no evidence that Michlien Tire Company had any connection with said tire or had ever seen or handled it and said tube. It cannot be held that such evidence, standing alone as it were, established that the trade mark, or trade name of Michlien Tire Company was on the tube in qestion. Nowhere in the record is there any evidence that Michlien Tire Company had a trade name or a trade mark. There is no evidence to connect Michlien Tire Company with Owens Tires, Inc., Owens & Carter Tire Company, or the tire and tube in question. International Harvester Co. v. Faris, Tex.Civ.App. 360 S.W.2d 864; Strickland Transportation Co. v. Atkins, Tex.Civ.App., 223 S.W.2d 675; Swift & Co. v. Mackey, Tex.Civ.App., 216 S.W.2d 242; Amarillo Coca Cola Bottling Co. v. Price, Tex.Civ.App., 378 S.W.2d 409.

Accordingly, the judgment of the trial court is reversed and judgment is here rendered that plaintiff's cause of action against the defendants, Owens Tires, Inc. and Michlien Tire Company, be transferred to the counties of their respective residence.

## DISSENTING OPINION

STEPHENSON, Justice.

I respectfully dissent. I would hold that plaintiff proved a cause of action against both defendants on the basis of implied warranty because of public policy as expressed by the Supreme Court of Texas in Jacob E. Decker & Sons, Inc. v. Capps, (Tex.) 164 S.W.2d 828. I am aware that this is an extension of the rule of the Decker Case to a non-food case. The law I would apply to this case is set forth in The American Law Institute, Restatement of the Law (Second) Torts (1965) as follows:

"§ 402A. Special Liability of Seller of Product for Physical Harm to User or Consumer

(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

(a) the seller is engaged in the business of selling such a product, and

(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

(2) The rule stated in Subsection (1) applies although

(a) the seller has exercised all possible care in the preparation and sale of his product, and

(b) the user or consumer has not bought the product from or entered into any contractural relation with the seller."

As to the holding by the majority opinion that no cause of action was proved as to Owens Tires, Inc., the primary point seems to be that the evidence shows the name of the company which sold the tire to the Land O'Pines Dairy Products Company was Owens & Carter Tire Company, and that the two, Owens Tires, Inc. and Owens & Carter Tire Company were not shown to be one and the same. I am of the opinion that this point was nothing more than an afterthought upon the part of this defendant. The record shows that plaintiff sued "Owens Tires, Inc." as a Texas corporation doing business in Palestine, Anderson County, Texas. The plea of privilege filed by this defendant shows under oath that this defendant is a Texas corporation whose post office address is 410 East Spring Street, Palestine, Anderson County, Texas. The record also shows that Owens Tires, Inc. filed a cross-claim against Michlien Tire Company and Jack Skaggs, d/b/a Skaggs Rubber Company, containing the following allegations:

"III.

"Owens Tires, Inc. alleges that the tube in question was purchased by it from Jack Skaggs, d/b/a Skaggs Rubber Co.,

an authorized Michlien Tire Company dealer, and that the tube in question was delivered by the said Jack Skaggs, d/b/a Skaggs Rubber Co., to Owens Tires, Inc. in a cardboard container which was never opened by Owens Tires, Inc., its agents or employees, and subsequently in turn was sold and delivered to Land O'Pines Dairy Products Company in the same condition in which it was received by Owens Tires, Inc.

"IV.

"Owens Tires, Inc. alleges that in connection with its purchase of Michlien Tires and Tubes from Jack Skaggs, d/b/a Skaggs Rubber Co., that the said Jack Skaggs, d/b/a Skaggs Rubber Co., as an authorized Michlien Tire Company dealer, delivered certain specifications for Michlien Tires and tubes to Owens Tires, Inc. among which was the specification that for the particular tube in question, that the same was designed for 90 pounds per square inch. And in this connection, Defendant Owens Tires, Inc. alleges that if any of its agents or employees made representations as set forth in Plaintiff's Second Amended Original Petition, that they were only repeated statements made by agents or employees of Jack Skaggs, d/b/a Skaggs Rubber Co., an authorized Michlien Tire Company dealer.

"V.

"Owens Tires, Inc. alleges that under the circumstances surrounding this occurrence in question entitled this Defendant to recover full indemnity of and from the said Michlien Tire Company and Jack Skaggs, d/b/a Skaggs Rubber Co."

Further, plaintiff testified that the salesman who sold the tube to Land O'Pines Dairy Products Company in Angelina County worked for Owens & Carter Tire Company. Then when the invoice was first offered in evidence the only objection made by the attorney for this defendant was that the tires were not identified. No complaint was made that the invoice showed the wrong name. Later when the invoice was further identified, it was admitted over the objection of counsel for this defendant, but once again the only objection was that there had not been a proper identification of the tire and tube. The invoice shows on its face: Owens & Carter Tire Co., 410 East Spring, Palestine, Texas and the check in payment of this invoice was made payable to the same name and address. This being the identical address sworn by this defendant to be its address. All of the evidence indicates to me that this defendant did business under the name of Owens & Carter Tire Company and that ample proof was made that this defendant sold plaintiff's employer a defective tube which resulted in the damage suffered by plaintiff.

I would also hold that a cause of action was proved against the defendant Michlien. The tube was purchased through defendant Owens Tires, Inc., doing business as Owens & Carter Tire Company. The invoice specified the tube was a Michlien 8:25 X 20. The tube was delivered in a box bearing the trade name of Michlien. Plaintiff identified the tube as a Michlien tube. The tube bore the trade mark of Michlien. Plaintiff also testified he took the new tube out of the box and that this tube exploded as he was inflating it with air while mounting it and a Michlien tire on a wheel, causing his injury. Plaintiff further testified that the tube was delivered to him 2 or 3 weeks before the date of the injury and that it was stored under lock and key until this attempted use. Plaintiff testified he had mounted tires many times during the 13 to 16 months he had worked for his employer and was following the same procedure he had previously followed at the time of his injury. That he put 60 pounds of air in the tube and had checked it with a gauge just before the explosion. That the normal pressure to put in this size tube was 75 pounds. The witness Jenkins testified he arrived at the scene shortly after plaintiff was injured and found the Michlien tube was "busted at the seams". That

the tube had a 10 or 12 inch split in the seam. He identified it as a new Michlien Tube.

I do not believe that the issue as to the manufacturing of the tube by defendant Michlien was a disputed issue. Neither the pleadings nor the examination of the witnesses by the attorneys for this defendant gave any indication that Michlien was denying this fact. A fact issue was raised by all of the evidence set out above, and the trial court is presumed to have found that this defendant manufactured the tube in question by entering the order overruling its plea of privilege. I see no reason to apply a different rule of law to a brand on a product from that of a brand on a vehicle. Henderson Drilling Corp. v. Perez, Tex.Civ.App., 304 S.W.2d 172. I have concluded that the evidence in this case shows that defendant Michlien manufactured and sold a tube in a defective condition unreasonably dangerous to the user which reached the user without substantial change in the condition in which it was sold, and that plaintiff was injured because of the defect in the tube.

It is also clear that the type of cause of action that plaintiff was intending to prove on the hearings of the pleas of privilege, and which I concluded had been proved, was one based upon an implied warranty. This is made clear by the evidence offered by plaintiff to which there was no objection on that ground by the attorneys representing either of the defendants. The failure to object to this evidence would constitute a waiver of any variance between the pleadings and proof. Rule 90, Texas Rules of Civil Procedure. I would hold that the issue of implied warranty was tried by the expressed or implied consent of all of the parties even though not specifically plead. Rule 67, T.R.C.P.

## ON MOTION FOR REHEARING

HIGHTOWER, Chief Justice.

Appellee, Eugene Pendland, has filed his motion for rehearing again requesting us to affirm the judgment of the trial court. Such motion is overruled.

By amended motion appellee requests, in the alternative, that we reverse and remand the whole case to the trial court in Angelina County; the grounds asserted as justifying such action being that the case was not fully developed and that the same should be remanded in the interest of justice. This alternative motion for rehearing has been pending in this court since the 15th day of February, 1967, and has not been resisted by way of reply by either appellant, Michlien Tire Company or Owens Tires, Inc. Accordingly, appellee's amended motion for rehearing is granted; the opinion of this court is reformed, and the cause is reversed and remanded to the district court of Angelina County.