**FALFURRIAS CREAMERY COMPANY, Appellant,**

**v.**

**John R. SANDERS et al., Appellees.**

**No. 367.**

Court of Civil Appeals of Texas.

Corpus Christi.

March 28, 1968.

William C. Church, Jr., of Kampmann, Kampmann, Church & Thomas, San Antonio, for appellant.

Jack Wiech, Brownsville, for appellees.

OPINION

SHARPE, Justice.

This suit was brought by John R. Sanders, individually and as next friend for his two minor sons, to recover damages allegedly sustained by him, his wife and sons as a result of eating food which contained salt-free butter processed and packaged in a sealed carton by appellant. Falfurrias Creamery Company, a corporation having its domicile in Falfurrias, Brooks County, Texas. Appellant's plea of privilege was duly controverted by appellees who relied upon Subdivision 23 of Article 1995, Vernon's Ann.Civ.St., which provides in part that suit may be maintained against a corporation in the county where the cause of action or a part thereof arose. Trial was to the court without a jury. The trial judge, though timely requested by appellant, declined to file findings of fact and conclusions of law.

By two points of error appellant contends that the trial court erred in overruling its plea of privilege because: (1) Appellees failed to establish a cause of action against appellant under a breach of warranty theory, and (2) Appellees failed to prove all facts necessary to sustain venue in Cameron County, Texas.

Under point one appellant contends that appellees' cause of action was not established for venue purposes because there was no evidence that the salt-free butter was adulterated or that it caused the illnesses suffered by appellees.

We review the judgment overruling appellant's plea of privilege in view of appellant's "no evidence" contention under the well settled rules that we must assume the trial court found every issuable fact in support of the judgment; that in determining legal sufficiency of the evidence to support implied findings, that if, discarding all adverse evidence and giving credit to all evidence favorable to the prevailing party and indulging every legitimate conclusion favorable to him which might have been drawn from the facts proved, the fact-finder might have found in his favor, it is to be concluded that there is evidence to support the finding; that every reasonable intendment must be resolved in favor of the judgment and it should be affirmed if there is any evidence to support it upon any theory authorized by law. Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97 (1953); James v. Drye, 159 Tex. 321, 320 S.W.2d 319 (1959); Drexler v. Architectural & Commercial Sales, 375 S.W.2d 550 (Tex.Civ.App., Corpus Christi, 1964, n.w.h.).

At the hearing on the plea of privilege John R. Sanders, Mrs. Virginia N. Sanders and Thomas B. Thompson were called as witnesses by appellees. Appellant offered no testimony except that of Mrs. Sanders, who was recalled as an adverse witness after appellees had rested their direct case. The testimony of Mr. and Mrs. Sanders was in substance as follows: On Tuesday before Thanksgiving Day 1966, Mrs. Sanders, while in the company of her husband and two minor sons, purchased from a supermarket in Brownsville, Texas a turkey and other items for the preparation of Thanksgiving dinner on November 24, 1966. An eight ounce carton of Falfurrias Creamery salt-free butter was included in the items so purchased. The lid of the carton was recessed into it, flanged over the top and sealed by machine-crimping. Mrs. Sanders used the salt-free butter on the turkey, dressing, string beans, potatoes and rolls, but not on the salad or cranberries. The family commenced eating their Thanksgiving dinner at about 2 o'clock P. M., on November 24th. The oldest son, age 8 years, first became ill and vomited on the dinner table. Shortly thereafter, Mrs. Sanders, the younger son, age 4 years, and Mr. Sanders also became ill. The eating stopped. Mrs. Sanders wrapped the food in their serving

dishes and placed them in the refrigerator along with the remainder of the salt-free butter. Later on the same day Mr. and Mrs. Sanders tasted the butter and it had the same taste as the food, except the salad and cranberries. Both Mr. and Mrs. Sanders testified that they could not eat the food which had been prepared with the salt-free butter and didn't think any human could. Mrs. Sanders said a sickening taste was more pronounced where the butter had not been cooked and had only been used to serve with.

Mrs. Sanders contacted the distributor of the butter and Mr. Thomas B. Thompson, an adjuster for the distributor, came to the Sanders' home the day following Thanksgiving. Thompson testified that Mrs. Sanders took the carton of butter from the refrigerator and he examined the contents; that about two or three ounces of butter remained; that it had no odor and appeared to be fresh; that it had a foreign taste and did not taste what butter would normally taste like; that he later associated the taste with caustic soda, which is a cleanser. The latter statement was based, at least in part, on a prior experience of the witness, to which the trial court sustained some objections, but portions of the testimony in such connection appear in the record without objection. Thompson took a statement from Mr. and Mrs. Sanders and paid them $50.00 for a covenant not to sue the distributor.

■ Under applicable rules the evidence was legally sufficient to raise an issue as to the liability of appellant, including the issues of whether the butter was contaminated or unfit for human consumption and that its use by appellees proximately caused the illnesses and damages in question. Appellees' cause of action is based upon breach of implied warranty of fitness of food for human consumption as stated in Jacob E. Decker & Sons, Inc. v. Capps, 139 Tex. 609, 164 S.W.2d 828 (1942), 142 A.L.R. 1479. See, also McKisson v. Sales Affiliates, Inc.,

416 S.W.2d 787 (Tex.1967); O. M. Franklin Serum Company v. C. A. Hoover & Son, 410 S.W.2d 272 (Tex.Civ.App., Amarillo, 1967, wr. ref. n. r. e. with per curiam opinion, 418 S.W.2d 482 (Tex.1967)). The last-cited case is a products liability case involving proof of a cause of action for venue purposes by circumstantial evidence, and supports appellees' position here in that respect. The case of Athens Canning Company v. Ballard, 365 S.W.2d 369 (Tex.Civ. App., Houston, 1963, n. w. h.), a venue case involving similar issues to those presented here, also supports appellees' contentions under their reply point one that the evidence was legally sufficient to raise liability issues against appellant and to support the findings in favor of appellees impliedly made by the trial court. Appellant's point one is overruled.

■ Under its point two appellant contends that appellees offered no evidence that the salt-free butter in question was manufactured, processed and sold by appellant or that it was delivered to the supermarket in Brownsville, as alleged in appellees' petition. The undisputed evidence is that appellant, Falfurrias Creamery Company is a corporation domiciled in Falfurrias, Brooks County, Texas. Appellees' evidence showed that the carton of salt-free butter purchased by Mrs. Sanders at the supermarket in Brownsville was marked "Made by Falfurrias Creamery, Falfurrias, Texas." In this state of the record and in the absence of any evidence to the contrary, the evidence was legally sufficient to establish prima facie that the salt-free butter was manufactured, processed and sold by appellant. See Globe Laundry v. McLean, 19 S.W.2d 94 (Tex.Civ.App., Beaumont, 1929, n. w. h.), and the many cases following it shown by Shepard's Southwestern Reporter Citator. Appellant's point two is overruled.

The judgment of the trial court is affirmed.