**MAINTENANCE AND EQUIPMENT CONTRACTORS, Appellant,**

v.

**JOHN DEERE COMPANY, Appellee.**

**No. 1511.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

July 13, 1977.

Rehearing Denied Aug. 3, 1977.

Dixie Smith, Fulbright & Jaworski, Houston, for appellant.

James E. Coleman, Jr., Richard A. Sayles, Carrington, Coleman, Sloman, Johnson & Blumenthal, Dallas, Dale Harvill, Harvill & Hardy, Houston, for appellee.

J. CURTISS BROWN, Chief Justice.

This is a plea of privilege case involving subdivision 31 of article 1995.

This appeal is brought by Maintenance & Equipment Contractors, appellant, from a judgment sustaining a plea of privilege for John Deere Company, appellee, to transfer the suit to the county of its residence. The original suit was brought by Buck Albert Maynard against appellant in Brazoria County for injuries sustained while operating a tractor leased to Mr. Maynard's employer by appellant. Plaintiff's cause of action was in negligence and strict liability in tort for leasing a defective tractor. Plaintiff alleged that while being operated over a ditch the tractor overturned causing injury to plaintiff, and that the accident could have been prevented had the tractor been equipped with brakes on the front-end wheels. Plaintiff amended its original petition to include John Deere as a defendant, on the same theories of negligence and strict liability in tort for defective design. Appellee was granted a change of venue to Dallas County, its residence. Appellant then filed a third party action against appellee for contribution and indemnification. Appellee, again, filed a plea of privilege to have this third party action transferred to Dallas County which was duly controverted by appellant under subdivisions 4, 9a, 23, 27, 29a and 31 of our venue statute. The district court ordered the cause transferred to Dallas County. On appeal, appellant contends that the trial court erred in not over-

ruling appellee's plea of privilege. At the venue hearing appellant failed to establish the essential venue facts necessary under subdivisions 4, 9a, 23, 27 and 29a, his cause of action against appellant being based on hearsay evidence. The only evidence as to how the accident occurred was the testimony of J. L. McDaniel, one of appellant's officers. His knowledge of the accident was predicated solely on statements made to him by Maynard. Appellant also points to Tex.Rev.Civ.Stat.Ann. art. 2212a § 2(g) (Supp.1976), requiring that all claims for contribution between named defendants in the primary suit shall be determined in the primary suit. However, at the time of the hearing, appellee was not a "named" defendant in the primary suit and, consequently, article 2212a § 2(g) is not applicable.

The controlling point of error in this case, then, is whether appellant proved the essential venue facts necessary under Tex.Rev. Civ.Stat.Ann. art. 1995 § 31 (Supp.1976).

Suits for breach of warranty by a manufacturer of consumer goods may be brought in any county where the cause of action or a part thereof accrued, or in any county where such manufacturer may have an agency or representative, or in the county in which the principal office of such company may be situated, or in the county where the plaintiff or plaintiffs reside.

Due to its relatively recent adoption, few cases have interpreted this addition to the venue statute. Appellee argues that appellant failed to prove the requisite venue facts under this subdivision; that is, it failed to prove a cause of action against appellee or that appellee was the "manufacturer" of the tractor involved in the accident. Appellee also contends that a tractor does not fall within the meaning of "consumer goods" as the term is used under subdivision 31.

■ In order to deprive a defendant of his right to trial in the county of his domicile, a plaintiff must allege and prove that the case clearly comes within an exception to the venue statute. *Burtis v. Butler*

*Bros.*, 148 Tex. 543, 226 S.W.2d 825, 828 (1950). In this regard, the plaintiff must allege and prove the venue facts which are stated in the particular exception that is applicable to the character of the suit as alleged in the petition. *Cowden v. Cowden*, 143 Tex. 446, 186 S.W.2d 69, 71 (1945). Appellant relied on that portion of subdivision 31 which states:

Suits for breach of warranty by a manufacturer of consumer goods may be brought . . . in the county where the plaintiff or plaintiffs reside.

■ Considering the first issue of whether a cause of action must be alleged and proved, we note that not all venue exceptions require proof of a cause of action. For example, subdivision 27 states:

Foreign corporations, private or public, joint stock companies or associations, not incorporated by the laws of this State, and doing business within this State, may be sued in any county where the cause of action or a part thereof accrued, or in any county where such company may have an agency or representative, or in the county in which the principal office of such company may be situated; or, when the defendant corporation has no agent or representative in this State, then in the county where the plaintiffs or either of them, reside.

Tex.Rev.Civ.Stat.Ann. art. 1995 § 27 (1964). It is well settled that where plaintiff seeks to establish venue under subdivision 27 in the "county where the cause of action or a part thereof accrued. . . .," he must prove a cause of action. *Zurich Ins. Co. v. Wiegers*, 527 S.W.2d 511, 515 (Tex.Civ.App. —Austin 1975, no writ); *Charles Pfizer & Co. v. Branch*, 365 S.W.2d 832, 834 (Tex.Civ. App.—Eastland 1963, writ dism'd). However, a cause of action need not be proved if the plaintiff establishes that there is a foreign corporation doing business within the state and has an agency or representative in the county where suit is filed. *See Home Indem. Co. of New York, N.Y. v. Hicks*, 488 S.W.2d 614, 615 (Tex.Civ.App.—Beaumont 1972, writ dism'd); R. McDonald, Texas Practice § 430.4 n. 55 (1965).

It has also been held that under subdivision 14, suits for recovery of land, the only venue facts which need be proved are that the suit is one for recovery of land and for damages thereto, and that a part of the land lies in the county where the suit is brought. *Cowden v. Cowden*, 186 S.W.2d at 71.

Considering the language of subdivision 31, it is our opinion that a cause of action must be proved if venue is sought in the county where the cause of action or part thereof accrued. However, the cause of action is not an essential venue fact if the plaintiff established that the defendant has an agency, representative or its principal office in the county where suit is filed, or if suit is filed in the county where the plaintiff resides. The court can look to the pleadings to discover that the nature and character of the suit is for breach of warranty.

The plaintiff must establish, however, that the defendant is the manufacturer, and here appellee contends that the appellant failed to sustain this burden. The only evidence offered at the hearing to establish that appellee was the manufacturer was the testimony of J. L. McDaniel. He stated that the tractor which Mr. Maynard was riding at the time of the accident had "John Deere" plates on it and that he bought the tractor from a John Deere dealer. The question raised is whether this evidence standing alone is sufficient to prove that John Deere was the manufacturer of the tractor. Appellee has cited several cases in his brief in which evidence of manufacture was held insufficient to establish that essential venue fact. In *Swift & Co. v. Mackey*, 216 S.W.2d 242 (Tex.Civ.App.—Eastland 1948, no writ) the court of civil appeals stated that evidence of Swift's label on a package of ice cream was, by itself, not sufficient to establish that Swift manufactured the ice cream; however, the court also observed that all the evidence other than the label was to the contrary. In *San Antonio Tent & Awning Co. v. Martin*, 437 S.W.2d 647 (Tex.Civ.App.—Texarkana 1969, no writ) the court found no evidence that

the defendant manufactured the tarpaulin other than a box in which the tarpaulin was packed with defendant's label on it and concluded that plaintiff had failed to establish who manufactured the tarpaulin as well as other essential venue facts. *Id.* at 648. Finally, in *Michlien Tire Co. v. Pendland*, 416 S.W.2d 586 (Tex.Civ.App.—Beaumont 1967, no writ) the plaintiff attempted to prove manufacture by testimony that the word "Michlien" was printed on the tire tube which exploded. The court stated that aside from this evidence there was no proof that the defendant, Michlien, had any connection with the tire or with the retailer who sold the tire to the plaintiff's employer. The court also found that there was no evidence that defendant had a trade name or trademark. In his dissent Justice Stephenson argued that the issue of who manufactured the tube was not disputed; Michlien never denied being the manufacturer. He stated that this issue should have been controlled by the line of cases following the branded car doctrine; that is, where a vehicle bears the name or brand of the defendant, then ownership is presumed. *Id.* at 591; *Henderson Drilling Corp. v. Perez*, 304 S.W.2d 172, 173 (Tex.Civ.App.—San Antonio 1957, no writ).

Appellant has cited *Falfurrias Creamery Co. v. Sanders*, 426 S.W.2d 588 (Tex.Civ.App.—Corpus Christi 1968, no writ) in support of its proposition that there was sufficient evidence that appellee manufactured the tractor. In that case the court held that in the absence of any evidence to the contrary, the fact that a carton of butter had "Made by Falfurrias Creamery, Falfurrias, Texas" printed on it was sufficient to establish prima facie that defendant manufactured the butter. *Id.* at 590. The court cited *Globe Laundry v. McLean*, 19 S.W.2d 94 (Tex.Civ.App.—Beaumont 1929, no writ), another case following the branded car doctrine.

In this case the only proof that John Deere manufactured the tractor was that "John Deere" plates were on the tractor and that the tractor was purchased from a John Deere dealer. We feel that this evi-

dence is analogous to that required under the branded car doctrine. Under this doctrine, evidence that the name of a corporation or individual is printed on the side of the vehicle raises a presumption that the corporation or individual is the owner of the truck and that the driver is the agent of the corporation or individual and was acting at the time in the course of his employment. *E. g., Pilgrim Industries, Inc. v. Jones*, 503 S.W.2d 861, 863–64 (Tex.Civ.App.—Texarkana 1973, no writ); *Walker v. Johnston*, 236 S.W.2d 534, 536–44 (Tex.Civ.App.—San Antonio 1951, writ dism'd). Such evidence, of course, is not conclusive and can be rebutted by evidence that the vehicle, in fact, was not owned by the corporation or individual. *Kimbell Milling Co. v. Marcet*, 449 S.W.2d 100, 103–104 (Tex.Civ.App.—San Antonio 1969, no writ); *McGee v. Phillips Petroleum Co.*, 373 S.W.2d 773, 775 (Tex. Civ.App.—El Paso 1963, writ ref'd n. r. e.).

■ We recognize that the branded car doctrine has been limited generally to questions of ownership and/or agency and not, as in this case, to establishing the manufacturer of a product. However, we are inclined to follow the position taken by Justice Stephenson's dissent in *Michlien Tire Co. v. Pendland*, 416 S.W.2d at 591, and conclude that the doctrine should apply to cases involving identification of the manufacturer. *Cf. Falfurrias Creamery Co. v. Sanders*, 426 S.W.2d at 590. The unrebutted evidence that the defendant's name, "John Deere," was on the tractor coupled with the testimony that the tractor was bought from a John Deere dealer is sufficient to raise the presumption that appellee was the manufacturer. *See* 1 R. Hursh & H. Bailey, American Law of Products Liability § 1:42 at 132 (2d ed. 1974), *citing International Milling Co. v. Jernigan*, 191 S.W.2d 526, 528 (Tex.Civ.App.—Waco 1945, no writ).

■ Appellee has argued that to hold such proof sufficient to establish the manufacturer would unnecessarily open liability to sellers who place their name on products that are manufactured by other companies. However, one who puts out as his own product a chattel manufactured by another is subject to the same liability as though he were the manufacturer. *Ford Motor Co. v. Mathis*, 322 F.2d 267, 273 n. 9 (5th Cir. 1963); *S. Blickman, Inc. v. Chilton*, 114 S.W.2d 646, 649 (Tex.Civ.App.—Austin 1938, no writ); Restatement of Torts (Second) § 400, comment d (1965). Therefore, our ruling does not create a greater liability on this type of seller.

Finally, appellee contends that a tractor does not fall within the definition of "consumer goods" as used in subdivision 31. They submit that the applicable definition of "consumer goods" is that found in article 9 of the Texas Business and Commerce Code.

> Goods are
>
> (1) "consumer goods" if they are used or bought for use primarily for personal, family or household purposes; . . . . .

Tex.Bus. & Comm.Code Ann. § 9.109 (Supp. 1976). Appellant, on the other hand, relies on the definition found in the Texas Deceptive Trade Practices Act.

> (1) "Goods" means tangible chattels or real property purchased or leased for use.
>
> . . . . .
>
> (4) "Consumer" means an individual, partnership, or corporation who seeks or acquires by purchase or lease, any goods or services.

Tex.Bus. & Comm.Code Ann. § 17.45 (Supp. 1976).

■ Since the term "consumer goods" is not defined in our venue statute, it should be construed in the sense in which it is understood in common language. *See Ex parte Mehlman*, 127 Tex.Cr.R. 257, 75 S.W.2d 689, 690 (Tex.Cr.App.1934); that is, a broad interpretation should be used. The Uniform Commercial Code distinctions between consumer goods, equipment, farm products and inventory are very narrow and have been written into article 9 which applies generally to transactions involving security interests. Tex.Bus. & Comm.Code Ann. § 9.102 (Supp.1976). We also note that subdivision 5(b) of our venue statute

appears to accept a broad definition of consumer goods and specifically mentions goods used for agricultural purposes.

In an action founded upon a contractual obligation of the defendant to pay money arising out of or based upon a *consumer transaction for goods, services, loans, or extensions of credit intended primarily for personal, family, household or agricultural use,* suit by a creditor upon or by reason of such obligation may be brought against the defendant either in the county in which the defendant in fact signed the contract, or in the county in which the defendant resides at the time of the commencement of the action. No term or statement contained in an obligation described in this subsection shall constitute a waiver of this provision. [Emphasis added.]

Tex.Rev.Civ.Stat.Ann. art. 1995 § 5(b) (Supp.1976); *See Castleberry v. Acco Feeds, etc.,* 525 S.W.2d 282 (Tex.Civ.App.—Eastland 1975, no writ). It is our opinion, then, that the John Deere tractor involved in the accident is a consumer good as contemplated under subdivision 31 of article 1995.

Having decided that appellant established all of the necessary venue facts under subdivision 31, we hold that the trial court erred in sustaining the plea of privilege. All other points of error being considered, we reverse the judgment of the trial court. The appellee's plea of privilege is overruled.

Reversed and rendered.