**GENERAL MOTORS CORPORATION,**
Appellant,

v.

James A. **WILLIAMSON** et
al., Appellees.

No. 18114.

Court of Civil Appeals of Texas,
Fort Worth.

Dec. 14, 1978.

Rehearing Denied Jan. 11, 1979.

Strasburger & Price, and Dale G. Markland, Dallas, for appellant.

Shaffer, Shaffer, Pace & Redwine, and Bert F. Pace, Jr., Denison, for appellees.

## OPINION

MASSEY, Chief Justice.

Venue case. By our opinion we affirm the trial court's order overruling plea of privilege of General Motors Corporation, the non-resident defendant.

Plaintiffs James A. Williamson and Voluntary Purchasing Groups, Inc., at all material times employer and employee, filed suit against defendant General Motors Corporation because of personal injuries sustained by Williamson and property damage or loss sustained by Voluntary Purchasing. Other defendants were Kidwell GMC Truck Sales and Kidwell Truck Leasing Company, residents of the county of suit. The appeal at hand is from the trial court's order overruling the plea of privilege of General Motors Corporation.

Reference to Williamson includes all plaintiffs.

The issue is whether Williamson discharged his burden of proof to sustain venue in the county of suit. As the case developed we are concerned with V.A.T.S. Art. 1995, "Venue", and subdivision or exception 4, "Defendants in different counties", which provides "[i]f two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. . . ."

■ Williamson also relied upon subdivision or exception 29a "Two or more defendants", but 29a does not apply. It would apply only when no defendant resides in the county of suit and in this instance we have defendants who were residents. 1 McDonald, Texas Civil Practice, (1965 Rev.), p. 432, "Venue, § 4.10.1, "Art 1995(4). One Defendant Resident in County of Suit. (I) Art 1995(29a) Distinguished."

■ Williamson's action is stated by the briefs to be upon the implied warranty of fitness and suitability of a certain "1970 Model GMC Astro 95 Diesel Truck Tractor, Serial No. DH9692A134219" sold and delivered by Kidwell GMC Truck Sales to Williamson's employer. Alleged in the petition was delivery to the Kidwell Company by General Motors. Approximately three months after such delivery Williamson was driving the truck in South Carolina when the "Pitman arm" came off the connection at the lower end of the steering column because of the loss of the bolt which holds such arm in place. Function of the "Pitman arm" is to work the mechanism by which the wheels are turned to right or left. As direct result there was no control of the steering by Williamson; the truck went off the road on which it was driven, and jumped onto the service road, ending up in an earthen bank on the opposite side of the service road.

The nature of the cause of action of Williamson is conformable "to the rule of strict liability expressed in Section 402A of The American Law Institute's Restatement of the Law of Torts (2d Ed.) as applicable to all persons engaged in the business of selling who sell a product in a defective condition which renders it unreasonably dangerous to a user or consumer or to his property", pursuant to Texas' acceptance of the rule in *McKisson v. Sales Affiliates, Inc.*, 416 S.W.2d 787 (Tex.1967), quoted in *Pittsburg Coca-Cola Bottling Works v. Ponder*, 443 S.W.2d 546, 548 (Tex.1969). The rule is stated thusly:

§ 402A. Special Liability of Seller of Product for Physical Harm to User or Consumer

(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

(a) the seller is engaged in the business of selling such a product, and

(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

Our consideration of the rule in the instant venue case has application to the liability of the resident defendant, Kidwell GMC Truck Sales. By proof of the cause of action against the Kidwell Company under

the rule, if liability thereunder truly declared upon by Williamson's pleadings, Williamson would have shown his entitlement to maintain his suit against General Motors under exception 4 to Art. 1995, "Defendants in different counties".

There is no doubt that Williamson's proof established that Kidwell GMC Truck Sales was resident in the county of the suit, and his pleadings satisfied the requirement that by them there was allegation that General Motors supplied the truck in question to the Kidwell Company for resale to Williamson's employer. Therefore, if Williamson's evidence established that cause of action alleged against the resident defendant for the loss and damages occasioned by disconnection of the "Pitman arm", venue was properly retained in the county of suit. If this has been done Williamson will have satisfied the requirements of exception 4 of the venue statute by factually proving one defendant resides in county of suit; factually proving that he has a bona fide claim against such resident defendant; and proving, by reference to his petition, that he has alleged facts to show that General Motors, as the non-resident defendant, is—under the theory of his suit—at least a proper party defendant along with a resident defendant.

The negligence of the resident defendant, the Kidwell Company, was in the delivery of the truck, with an improperly or insufficiently attached "Pitman arm" in the county of suit. The truck was one which was brand-new when delivered. The damages and injuries resulted from its use about three months later. The evidence sufficed to justify the conclusion deemed to have been made by the trial court, as trier of the facts, that nothing had occurred between the time of the delivery of the truck and the time the "Pitman arm" became disconnected; and that a producing cause of such disconnection was the defect in the truck in that there had been improper or insufficient attachment of the "Pitman arm" at the time it was delivered to Williamson.

In the Restatement, under Sec. 402A, is sub-section "m", "Warranty", wherein the following appears:

"The liability stated in this Section does not rest upon negligence. It is strict liability, similar in its nature to that covered by Chapters 20 and 21. The basis of liability is purely one of tort.

"A number of courts, seeking a theoretical basis for the liability, have resorted to a 'warranty,' either running with the goods sold, by analogy to covenants running with the land, or made directly to the consumer without contract. . . . There is nothing in this Section which would prevent any court from treating the rule stated as a matter of 'warranty' to the user or consumer. . . ."

Additional language, following that quoted, is to the effect that the rule is not governed by the provisions of the Uniform Sales Act or the Uniform Commercial Code, as to Warranties. Further, that the term "warranty" must be given a new and different meaning if it is used in connection with the Section. Concluding, it is stated that "[i]t is much simpler to regard the liability here stated as merely one of strict liability in tort".

■ We hold that where, in a plea of privilege case, there is necessity that there must be satisfaction of a requirement that a cause of action by a consumer or user be proved against the resident defendant on either a theory of negligence or breach of the implied warranty of fitness and suitability of an article purchased, there is satisfaction of the requirement by proof that the resident defendant seller sold the product in a defective condition which was unreasonably dangerous to the user or consumer, or to his property, plus proof that the defective condition in which it was sold was a producing cause of the event giving rise to the injuries and/or damage because of which suit was brought.

■ Further, we hold that the requirement that the cause of action proved by the resident defendant be that plead in plaintiffs' petition is satisfied, whether the same speaks in terms of breach of warranty or in terms of liability by reason of delivery of

the product in the defective condition, if it alleges that such delivery amounted to either a producing or proximate cause of the event from which injuries and damages resulted. In the instant case we hold pleadings to be satisfactory and sufficient on either or both of Williamson's theories of right to recover, under warranty or under a theory of tort.

On the foregoing see the venue case of *O. M. Franklin Serum Company v. C. A. Hoover & Son*, 410 S.W.2d 272 (Tex.Civ.App.— Amarillo (1966), error refused by the Supreme Court, with opinion at 418 S.W.2d 482 (1967)). There the cause of action was founded entirely on a breach of warranty.

There is a contention by General Motors that Williamson's controverting affidavit was waived because of delay in having General Motors' plea of privilege heard. As of the time of the hearing there was no pleading by General Motors which raised the contention. It was vigorously argued upon the hearing. We deem the plea of privilege hearing not to have been the proper place in which there should be a determination of whether Williamson was entitled to proceed. What was to be properly determined at that hearing was the situs of proper forum to hear and determine the dispute of the parties. Furthermore, in view of the absence of pleading or motion by General Motors asserting some right by reason of Williamson's delay, there would have been no occasion for Williamson to have introduced any evidence in explanation or justification for the delay. In absence of prayer by some pleading, assuming the forum a proper one, it is to be presumed that Williamson could have shown justification for delay, for example: that any period of limitation or laches was tolled, etc.

We have written upon exception 29a to the venue statute, and held that it does not apply. Point of error thereupon founded is overruled as immaterial and without effect to require reversal of the order sustaining venue. The remainder of the points of error have been reviewed and, whether or not discussed, each of them is overruled as without merit.

The order overruling plea of privilege is affirmed.