**JOHN DEERE COMPANY, Appellant,**

v.

**Bobby D. WHITLEY, Appellee.**

**No. 9101.**

Court of Civil Appeals of Texas, Amarillo.

March 20, 1980.

Rehearing Denied April 16, 1980.

**44**

Carrington, Coleman, Sloman & Blumenthal, Richard A. Sayles, Dallas, for appellant.

Law Offices of John J. C. O'Shea, John J. C. O'Shea, Lubbock, for appellee.

COUNTISS, Justice.

This is an appeal from an order overruling a plea of privilege. Because appellee, Bobby D. Whitley, failed to present any evidence on an essential venue fact under subdivision 31 of article 1995 of the Texas Revised Civil Statutes Annotated,[1] we must reverse the order of the trial court and render judgment transferring the case to Dallas County, Texas.

Whitley filed suit against appellant, John Deere Company, in Lubbock County, his county of residence. His suit is based on allegations of common law negligence, defective design, manufacturer and construction and breach of an implied warranty. The product in question is a series 4430 John Deere diesel tractor purchased by Whitley as used equipment from a John Deere dealer. It allegedly jumped out of parking gear, rolled down an incline and collided with Whitley's farm barracks, doing considerable damage to the barracks and the tractor.

---

1. Tex.Rev.Civ.Stat.Ann. art. 1995, subd. 31 (Vernon Supp. 1980) is hereafter referred to as subdivision 31.

John Deere Company responded with a plea of privilege alleging, *inter alia*, Dallas County as the county of its residence and principal place of business. Whitley's controverting plea relied only on subdivision 31. On May 7, 1979, the trial court entered its order overruling the company's plea of privilege and fixing venue in Lubbock County.

■ It is a well established rule in Texas that a defendant who is a resident shall be sued in the county of his domicile. *Hall v. Ford Motor Co.*, 565 S.W.2d 592, 593 (Tex. Civ.App.—Corpus Christi 1978, no writ). In order to deprive a defendant of this right, the suit against him must fall within one of the exceptions to the venue statute. *L & M–Surco Mfg., Inc. v. Winn Tile Co.*, 580 S.W.2d 920, 926 (Tex.Civ.App.—Tyler 1979, writ dism'd). It is incumbent upon the plaintiff to allege and prove, by a preponderance of the evidence, the venue facts applicable to the exception alleged in his petition. *Id.* at 925; *Maintenance & Equip. Contr. v. John Deere Co.*, 554 S.W.2d 28, 30 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ dism'd).

Subdivision 31, relied upon by Whitley in this case provides:

> Breach of warranty by a manufacturer. —Suits for breach of warranty by a manufacturer of consumer goods may be brought in any county where the cause of action or a part thereof accrued, or in any county where such manufacturer may have an agency or representative, or in the county in which the principal office of such company may be situated, or in the county where the plaintiff or plaintiffs reside.

■ The venue facts a plaintiff must establish pursuant to subdivision 31, if seeking to maintain venue in his county of residence, are that: (1) the suit is for breach of warranty; (2) the defendant is the manufacturer of the product in question; (3) the product in question is a con-

sumer good; and (4) the suit is brought in the county where the plaintiff resides. *Hall v. Ford Motor Co., supra*, at 594. The court may look to the pleadings to determine whether the suit is for breach of warranty, but the remaining venue facts must be established by proper extrinsic evidence.[2] *Trucker's Equipment, Inc. v. Sandoval*, 569 S.W.2d 518, 522 (Tex.Civ.App.—Corpus Christi 1978, no writ). Specifically, with reference to the second venue fact, plaintiff must establish the defendant as the actual manufacturer of the product in question. That burden is not satisfied by proving only that the product or related documents bear the defendant's name. *See San Antonio Tent & Awning Company v. Martin*, 437 S.W.2d 647, 648 (Tex.Civ.App.—Texarkana 1969, no writ); *Michelin Tire Company v. Pendland*, 416 S.W.2d 586, 588–89 (Tex.Civ. App.—Beaumont 1967, no writ).

■ It is apparent from Whitley's pleading that this suit is, among other things, one for breach of warranty. Whitley has failed, however, to sustain his burden of proof on the second venue fact. He presented evidence that the tractor had John Deere name plates on it, and he introduced a purchase order which stated: "Purchase Order For John Deere Agricultural Equipment." He also introduced evidence that he purchased the tractor from a John Deere dealer. Whitley's witnesses, however, expressly disclaimed any actual knowledge of whether John Deere Company was, in fact, the manufacturer of the tractor. Under the authorities cited above, the foregoing evidence is no evidence that John Deere Company was the actual manufacturer of the product in question.

The evidence is, in fact, to the contrary. John Deere Company presented undisputed evidence that it did not manufacture the tractor; it was manufactured by Deere and Company, a different corporation. Having failed to prove an essential venue fact, Whitley cannot maintain venue in his county of residence.

---

2. If plaintiff is attempting to maintain venue under subdivision 31 in the county where the cause of action or a part thereof arose, it will not suffice to look to the pleadings. Plaintiff must prove a cause of action for breach of warranty. *Maintenance & Equip. Contr. v. John Deere Co.*, 554 S.W.2d 28, 31 (Tex.Civ. App.—Houston [14th Dist.] 1977, writ dism'd).

John Deere Company has acknowledged, but distinguished, a case holding that evidence of the defendant's name on a product creates a rebuttable presumption that the defendant is the manufacturer of the product. *See Maintenance & Equip. Contr. v. John Deere Co., supra,* at 31–32. The holding in that case does not aid Whitley in this case. The rebuttable presumption Whitley's evidence would have established, under that view of the law, disappeared when John Deere Company introduced evidence that it did not manufacture the tractor in question, and that it was manufactured by Deere and Company. *City of Amarillo v. Attebury,* 303 S.W.2d 804, 806 (Tex.Civ. App.—Amarillo 1957, no writ).

Our view of the evidence is based upon our review of the record and is in accord with John Deere Company's statement of the facts in its appellate brief. We note, however, that we have the discretion to accept John Deere Company's statement of facts as correct without resort to the record, because Whitley did not file an appellate brief in this case. Tex.R.Civ.P. 419.

The judgment of the trial court is reversed and judgment is rendered transferring this case to Dallas County, Texas.