**JOHN DEERE INDUSTRIAL EQUIP-
MENT COMPANY, Appellant,**

v.

**McMAHON CONSTRUCTION
COMPANY, INC., Appellee.**

No. 8526.

Court of Civil Appeals of Texas,
Beaumont.

Oct. 30, 1980.

Richard A. Sayles, Dallas, for appellant.

David J. Kreager, Beaumont, for appellee.

CLAYTON, Justice.

This is an appeal from an order overruling a plea of privilege filed by appellant, John Deere Industrial Equipment Company (third–party defendant), in which appellee, McMahon Construction Company, Inc. (third–party plaintiff), sought to maintain venue in Orange County under *Tex.Rev.Civ. Stat.Ann. art. 1995, subdivisions 4, 5, 9a, 23, 29a, and 31* (Supp.1980).

The original plaintiff below, Stephen Whitmire, filed this personal injury action against appellee. Whitmire, according to appellee's pleadings, was injured when "the hydraulic system of the backhoe malfunctioned causing it to fall upon him and injure him." (Whitmire's pleadings are not in the record before us.) Appellee filed a third–party action against appellant seeking "indemnity, and in the alternative, contribution from the manufacturer ... of the equipment made the basis of plaintiff's suit." In this appeal appellee relies solely upon the following portion of *subdivision 31 of art. 1995* to maintain venue in Orange County: "Suits for breach of warranty by a manufacturer of consumer goods may be brought ... in the county where the plaintiff or plaintiffs reside."

■ Appellant complains of the order overruling its plea of privilege on the grounds that the action is not a "suit for breach of warranty" as required by *subdivision 31*. Where the suit is one for breach of warranty, it is not necessary for the plaintiff to prove a cause of action in order to maintain venue under this subdivision. The court may look to the pleadings to determine whether the suit is one for breach of warranty; but, the remaining venue facts must be established by proper extrinsic evidence. *John Deere Co. v. Whitley,* 597 S.W.2d 43 (Tex.Civ.App.–Amarillo 1980, writ pending); *Maintenance & Equipment Contractors v. John Deere Company,* 554 S.W.2d 28 (Tex.Civ.App.–Houston [14th Dist.] 1977, writ dism'd). However, this requirement is met as shown in appellee's pleading, in its third–party complaint against appellant, wherein it is stated:

"This Defendant and now Third–Party Plaintiff contends that if the backhoe was defective, it was defective at the time that it was received by this Third–Party Plaintiff and that such defects were unreasonable subjecting the aforesaid Third–Party Defendant to liability under the laws of warranty.... By reason of such breach of duties owing to Third–Party Plaintiff, it is entitled to full indemnity...."

■ Appellee's pleadings, above quoted, even though vague and general are nonetheless sufficient to show that its claim against appellant is based, in addition to other grounds, upon breach of warranty. This point is overruled.

■ Appellant further complains that "there was no evidence that the equipment involved was 'manufactured' by appellant." In considering a no evidence point, it is our duty to consider only the evidence favorable to the finding of the trial court, and, if there is any evidence of probative force to support the finding, it is binding and conclusive. *Lee v. Lee,* 424 S.W.2d 609 (Tex. 1968).

By deposition testimony, Stephen Whitmire testified that the machine involved "was a John Deere trackhoe" and that "it had a big deer on the side of it and it said 'John Deere.'" Appellee introduced the Answers to Interrogatories by appellant, as follows:

"When was the 1974 John Deere three–quarter yard track–hoe, made the basis of this suit and hereinafter referred to as track–hoe, manufactured?

"ANSWER: April 5, 1973.

"To whom did John Deere sell or lease the track–hoe?

"ANSWER: Hyco Equipment Company."

Whitmire further testified the injury suffered by him as a result of the malfunction of the hydraulic system of the machine occurred in Orange County, Texas.

■ The testimony quoted above was not disputed or contradicted by appellant. The testimony shows that appellant knew the

exact date the backhoe was manufactured and knew that it was sold to Hyco Equipment Company, and that the machine had the picture of a large deer on its side and bore the name John Deere. We adopt and follow the rule stated in *Maintenance & Equipment Contractors v. John Deere Company*, supra, that such evidence, being unrebutted by appellant, is sufficient to raise the presumption that appellant was the manufacturer. The cases relied upon by appellant are cited and distinguished in *Maintenance & Equipment Construction v. John Deere Company*, supra, with the exception of *John Deere Co. v. Whitley*, 597 S.W.2d 43 (Tex.Civ.App.–Amarillo 1980, no writ). In the *Whitley* case the court specifically points out that John Deere Company presented undisputed evidence that it did not manufacture the tractor, that it was manufactured by some other corporation. Appellant, in the case at bar, did not offer any testimony to rebut the presumption raised by appellee's evidence. The evidence presented by appellee was legally sufficient to support the action of the trial court. This point is overruled.

■ Appellant next complains that "there was no evidence that appellee resided in Orange County, Texas." Appellee seeks to maintain venue in Orange County under *subdivision 31* by proving that the plaintiff, Stephen Whitmire, was a resident of Orange County. Appellee relies upon that part of such subdivision which provides that: ". . . suits for breach of warranty by a manufacturer . . . may be brought . . . in the county where the plaintiff or plaintiffs reside." We have not found any authority, and neither party has cited any, wherein this subdivision has been construed with reference to the contention made by appellee. We hold this subdivision, with reference to "plaintiff or plaintiffs" applies to the residence of a plaintiff as against a named defendant in the primary suit. In the case at bar, appellant was not a named defendant in the primary suit but was brought into the case by a third–party action filed by appellee. Appellee cannot rely upon the residence of the plaintiff in the primary suit for purposes of maintaining venue in such county of residence under this *subdivision 31*. Appellee, for venue purposes under this subdivision, is considered as the plaintiff in its third–party action against appellant; and, to maintain venue under this *subdivision 31*, appellee must allege and prove its residence in Orange County. Appellee has failed to discharge its burden in such allegations and proof. The trial court was in error in overruling appellant's plea of privilege. Accordingly, we reverse the order of the trial court's overruling appellant's plea of privilege and transfer the third–party action for indemnity and contribution to the District Court of Dallas County, Texas.

REVERSED and RENDERED.

KEITH, Justice, concurring.

I concur in the result reached and in the language used in the final paragraph of the opinion. I do not join in the language or the holdings expressed elsewhere in the opinion.