BETTER BEVERAGES, INC., et al., Appellant,

v.

Mary MESCHWITZ, et vir., Appellee.

No. C14–82–042CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 24, 1982.

Joe W. Redden, Jr., Fulbright & Jaworski, J. Stockton Williams, Jr., Stubbenman, McRae, Sealy, Laughlin & Browder, Austin, for appellant.

R. Gary Stephens, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and MILLER, JJ.

## OPINION

MILLER, Justice.

This is an appeal from an order overruling a plea of privilege asserted by two defendants to a suit brought in Washington County, Texas. The third defendant, Brookshire Brothers, filed no such plea. Plaintiff, Mary Meschwitz, was injured when the top of a Dr. Pepper bottle flew off while she was unscrewing it, and hit her in the eye. Mrs. Meschwitz, along with her husband, brought suit against Better Beverages, Inc., the bottler and distributor of Dr. Pepper in Washington County, Brookshire Brothers, the store where the Dr. Pepper was purchased, and Dr. Pepper Company. Better Beverages and Dr. Pepper each filed a plea of privilege requesting that suit be transferred to Lavaca and Dallas counties, respectively. Both pleas were controverted on the basis of subdivisions 9a, 23, 27, 29a and 31 of Article 1995, Tex.Rev.Civ.Stat. Ann. (1964 & Supp.1982). No special exceptions to plaintiffs' pleadings or controverting affidavit were filed. A hearing was held in Washington County and the trial court overruled both parties' pleas of privilege.

We first address the appeal of Dr. Pepper Company and find that their plea of privilege should have been sustained. None of the venue exceptions asserted by appellee can be properly maintained against this party.

█ It is the general rule in Texas that in order to deprive a defendant of the right to trial in the county of his domicile, plaintiff must allege and prove that his case clearly comes within one of the exceptions set forth in Article 1995. *Burtis v. Butler Bros.*, 148 Tex. 543, 226 S.W.2d 825, 828 (1950). Thus, it is plaintiff's burden to allege and prove, by a preponderance of the evidence the venue facts applicable to the

nature of the suit as alleged in the petition. *Cowden v. Cowden,* 143 Tex. 446, 186 S.W.2d 69, 71 (1945).

In order for plaintiff to establish venue under subdivisions 9a, 23 and 27, appellee must prove a cause of action against appellant, Dr. Pepper Company.[1] In a venue hearing, plaintiff's burden of proving a cause of action is the same as for a trial on the merits; a prima facie case is not enough. *General Motors Corp. v. Courtesy Pontiac, Inc.,* 538 S.W.2d 3 (Tex.Civ. App.—Tyler 1976, no writ); *Compton v. Elliott,* 126 Tex. 232, 88 S.W.2d 91 (1935).

Dr. Pepper Company submits that under the evidence presented at the venue hearing, there is no proof that any cause of action can be asserted against them. The only items furnished by Dr. Pepper to Better Beverages, Inc. were the syrup used in preparing the carbonated drink and the trade mark label, "Dr. Pepper," which is placed on the outside of the bottle. Plaintiff neither alleged nor proved that the syrup the Dr. Pepper Company furnishes Better Beverages was in any way responsible for the bottle cap popping off, causing injury to Mrs. Meschwitz.

Once the syrup left Dr. Pepper Company's hands, that company had no further involvement in the processing, bottling or capping of the beverage that Better Beverages produced by mixing the syrup with carbonated water and gas. Additionally, although they did furnish some guidelines for the proper mix of ingredients in order to maintain the product's quality, they did not actually participate further in the manufacturing process.

Appellee argues that suit against Dr. Pepper Company is maintainable in Washington County under subdivision 31 of the venue statute. The appellee seeks to establish venue under the portion of the exception allowing suit in the county where the plaintiff or plaintiffs reside. In order to do this, appellee must prove that Dr. Pepper Company was the manufacturer of the carbonated drink.

We hold that the evidence presented was insufficient to sustain appellee's burden. Appellee cites *Maintenance & Equipment Contractors v. John Deere Co.,* 554 S.W.2d 28 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ dism'd) for the proposition that since the Dr. Pepper trademark appears on the bottle, this was adequate to prove Dr. Pepper Company manufactured the product. In *John Deere,* this court chose to extend the branded car doctrine to apply to cases involving identification of the manufacturer. Under the branded car doctrine, evidence that the name of a corporation or individual is printed on the side of the vehicle raises a presumption that the party is the owner of the vehicle. The evidence is not conclusive, however, and can be rebutted by evidence to the contrary. Id. at 32. *See John Deere Industrial Equipment v. McMahon Construction,* 608 S.W.2d 318 (Tex.Civ.App. Beaumont 1980, no writ).

We agree that our extension of the doctrine is applicable in the instant case, but find that Dr. Pepper Company adequately rebutted any presumption that it was the manufacturer of the Dr. Pepper soda as purchased by the appellee.

Finally, appellee asserts that the Dr. Pepper Company should be joined as a necessary party within subdivision 29a of Article 1995 in order to afford plaintiff complete relief. We do not agree.

Dr. Pepper Company is clearly not a necessary party as that term is defined in cases construing subdivision 29a. From the record before us, full satisfaction could be had from Brookshire Brothers foodstore without appellant's presence in the case. *See Vahlsing, Inc. v. Esco, Ltd.,* 496 S.W.2d 652 (Tex.Civ.App.—Corpus Christi 1973, writ dism'd); *Amarillo Coca-Cola Bottling Co. v. Price,* 378 S.W.2d 409, 412 (Tex.Civ. App.—Amarillo 1964, no writ).

Accordingly, the judgment of the trial court is reversed with regard to Dr. Pepper Company.

We now address the appeal of Better Beverages, Inc. and find that appellee has

---

**1.** It was established that Dr. Pepper Company had no agent or representative in Washington County, which would have clearly allowed ap-

pellee to maintain venue there under subdivision 27.

discharged his burden of proof to sustain venue under subdivision 31.

■ In order to maintain venue under subdivision 31, a plaintiff must prove that (1) the suit is one for breach of warranty, (2) the defendant is the manufacturer of the product in question, (3) the product in question is a "consumer good," and (4) the suit is brought in the county where the plaintiff resides. The court can look to the pleadings to determine whether the suit is one for breach of warranty; however, the remaining venue facts must be established by proper extrinsic evidence. *Gorman-Rupp Corp. v. Kirk,* 601 S.W.2d 49 (Tex.Civ. App.—Houston [1st Dist.] 1980, no writ); *Truckers' Equipment, Inc. v. Sandoval,* 569 S.W.2d 518 (Tex.Civ.App.—Corpus Christi 1978, no writ).

Appellant Better Beverages asserts that plaintiff failed to plead breach of warranty in his original petition.

Although plaintiff first uses the phrase "breach of warranty" in his controverting affidavit, we feel that plaintiff's original pleadings sufficiently alleged such a cause of action. Plaintiff clearly alleges a cause of action under the RESTATEMENT (SECOND) OF TORTS § 402A (1965), for the manufacture and sale of a defective product as a producing cause of the injuries and damages to plaintiff.

In the RESTATEMENT, under sec. 402a, subsection "M", the term "warranty" is discussed:

> The liability stated in this section does not rest upon negligence. It is strict liability, similar in its nature to that covered by Chapters 20 and 21. The basis of liability is purely one of tort.
>
> A number of courts, seeking a theoretical basis for the liability, have resorted to a "warranty," either running with goods sold, by analogy to covenants running with land, or made directly to the consumer without contract.... There is nothing in this section which would prevent any court treating the rules stated as a matter of "warranty" to the user or consumer. But if this is done, it should be recognized and understood that "war-

ranty" is a very different kind of warranty from those found in the sale of goods, and that it is not subject to various contract rules which would have grown up to surround such sales.

\* \* \* \* \* \*

In short, "warranty" must be given a new and different meaning if it is used in connection with this section. It is much simpler to regard the liability in tort.

■ We hold that when factual allegations are made in a petition that defendant seller sold its product in a defective condition which was unreasonably dangerous to the user or consumer, and that such defective condition in which it was sold was a producing cause of the event giving rise to injuries, such petition, in the absence of a special exception, will be adequate to assert either breach of warranty or strict liability for venue purposes. *Cf. General Motors Corporation v. Williamson,* 575 S.W.2d 120 (Tex.Civ.App.—Fort Worth 1978, writ dism'd). It is the general rule in Texas that a petition will be construed in favor of the pleader in the absence of special exceptions. *Scott v. Gardner,* 137 Tex. 628, 156 S.W.2d 513 (1941); *Lubbock Manufacturing Co. v. Perez,* 591 S.W.2d 907 (Tex.Civ.App.—Waco 1979, no writ).

We overrule appellant Better Beverages' points of error and affirm the holding of the trial court with regard to this party.