Garland E. GOUDY et ux., Appellants,

v.

Cecil B. LEWIS et ux., Appellees.

No. 13138.

Court of Civil Appeals of Texas,
Austin.

May 14, 1980.

Rehearing Denied June 11, 1980.

Lloyd Broussard, Scott, Douglass & Keeton, Austin, for appellants.

Michael B. Smithers, Cornelius, Powell, Perkins & Smithers, New Braunfels, for appellees.

SHANNON, Justice.

This is an appeal from an order overruling appellants' plea of privilege and pertains to Tex.Rev.Civ.Stat.Ann. art. 1995, subdivision 5 (Supp.1980).

Appellees Cecil B. Lewis and Flora Christine Lewis, husband and wife, sued appellants Garland E. Goudy and Donna L. Goudy, husband and wife, in the district court of Comal County for debt represented by a promissory note.

Appellants filed a plea of privilege to transfer the cause to San Augustine Coun-

ty, the county of their residence. In response to appellants' plea, appellees filed a controverting affidavit relying upon subdivision 5 since the promissory note made the basis of suit obligated appellants to pay appellees in New Braunfels, Comal County, Texas. After trial to the court, judgment was entered overruling appellants' plea of privilege. This Court will affirm that judgment.

Texas Rev.Civ.Stat.Ann. art. 1995, subdivision 5 (Supp.1980) provides:

"5. Contract in writing.—(a) Subject to the provisions of Subsection (b), if a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile.

(b) In an action founded upon a contractual obligation of the defendant to pay money arising out of or based upon a consumer transaction for goods, services, loans, or extensions of credit intended primarily for personal, family, household or agricultural use, suit by a creditor upon or by reason of such obligation may be brought against the defendant either in the county in which the defendant in fact signed the contract, or in the county in which the defendant resides at the time of the commencement of the action. No term or statement contained in an obligation described in this subsection shall constitute a waiver of this provision. Subd. 5 amended by Acts 1973, 63rd Leg., p. 489, ch. 213, § 1, eff. Aug. 27, 1973."

Appellants assail the judgment overruling the plea of privilege by three points of error claiming that: (1) the transaction was one for goods intended primarily for personal, family, or household use; (2) appellees did not sustain their burden of proving an exception to appellants' right to be sued in the county of their residence; and (3) there was no evidence or insufficient evidence to support a finding that the transaction was not for personal, family, or household purposes.

Appellants assumed the lease of the Twin Pines Campground from appellees. The camp is located in San Augustine County and consists of a grocery store, gas station, and trailer park. Appellants purchased from appellees the stock and equipment that appellees had used in the operation of the campground: ice vaults, ice crusher, three coin-operated washing machines, one metal case for oil storage, four vinyl-covered benches, a cash register, an adding machine, one electric weighing scale, one minnow vat, one electric agitator, one sliding door upright cooler, one electric soft drink box, one chest freezer for ice cream, one battery charger, one "C. B. Radio Base" system, and one intercom system.

■ The parties stipulated that appellants are residents of San Augustine County and that the sale of the personalty occurred in that country. Further, it was stipulated that the note in payment for the purchase of the personalty was executed in San Augustine County and was payable in Comal County. By such stipulation, appellees satisfied the requirements of subdivision 5(a). Point of error two is overruled.

Appellants undertook to prove that the sale of the personalty was a "consumer transaction" for goods "intended primarily for personal, family, household . . . use" pursuant to subdivision 5(b). Counsel called one witness, appellant, in an effort to discharge his burden. Goudy testified that he and his wife had assumed the lease and purchased the personalty to have a place to live and to make a living by running the store. He stated that he and his wife used the items of personalty for their own personal use as well as "to make a living with it." Counsel, on direct examination, repeatedly asked Goudy his "primary intent" in acquiring the campground. Notwithstanding counsel's best efforts, Goudy testified only that, "I'd say that I've still just got to say with making a living and living there; there wouldn't be one no stronger than the other as far as living there or making a living there."

To defeat appellees' right to maintain venue in Comal County under subdivision 5(a), it was incumbent upon *appellants* to produce evidence that satisfied the requirements of subdivision 5(b). Point of error three is overruled.

Because appellants failed in their proof to meet the requirements of subdivision 5(b), point of error one is overruled. Most of the items of personalty that appellees sold appellants were not of a character ordinarily used for personal, family, or household purposes. Goudy's testimony did not demonstrate that the property was purchased for such domestic purposes. At best, Goudy claimed that the property was bought both to be used in the operation of the campground business and to be consumed for personal use. Such testimony certainly falls short of the requirement of subdivision 5(b) that the property be purchased *primarily* for personal, family, or household use.

The judgment is affirmed.

PHILLIPS, C. J., not sitting.