Claude HUDMAN, Appellant,

v.

JOHN DEERE COMPANY, Appellee.

No. 20927.

Court of Civil Appeals of Texas, Dallas.

July 8, 1981.

Tom McLeroy, McLeroy & McLeroy, Center, for appellant.

Richard A. Sayles, Carrington, Coleman, Sloman & Blumenthal, Dallas, for appellee.

Before GUITTARD, C.J., and CARVER and STOREY, JJ.

GUITTARD, Chief Justice.

In this suit on a retail installment sales contract, the defendant purchaser filed a plea of privilege to be sued in Shelby County, where he resided. Plaintiff sought to maintain venue in Dallas County under subdivision 5(a) of article 1995 of the Texas Revised Civil Statutes (Vernon Supp. 1981),

alleging that defendant had contracted in writing to make payments in Dallas County. The trial court overruled the plea of privilege, and defendant appeals. We reverse and transfer the cause to Shelby County on the ground that venue is governed by subdivision 5(b) of article 1995, which provides that an action or an obligation to pay money "arising out of or based upon a consumer transaction for goods . . . intended primarily for personal, family, household or agricultural use" may be brought either in the county where the defendant signed the contract or in the county in which the defendant resides.

Plaintiff contends that the trial court's order is correct because defendant failed to plead facts which would bring the case within subdivision 5(b). In this connection, plaintiff argues that defendant was required to raise this question in his plea of privilege because, as held in *Goudy v. Lewis*, 599 S.W.2d 677, 678 (Tex.Civ.App.—Austin 1980, writ dism'd), defendant has the burden of proving these facts. It does not necessarily follow, however, that the defendant must raise the issue by a specific allegation in his plea of privilege.

■■ We recognize that subdivision 5(b) is an exception to the venue exception provided by subdivision 5(a) for suits on contracts in writing, and consequently, the facts bringing the case within subdivision 5(b) are in avoidance rather than in direct rebuttal of facts proved under subdivision 5(a). Nevertheless, we conclude that the requirement of rule 94 of the Texas Rules of Civil Procedure that matters of avoidance be affirmatively pleaded does not apply to venue pleadings, which are governed by the special provisions of rule 86. That rule provides that when a plea of privilege is filed in accordance with the rule, "it shall be prima facie proof of the defendant's right to a change of venue." No specific allegations are required in addition to the general averments set out in the rule unless the defendant relies on a statutory subdivision authorizing suit in a county other than his residence or unless he wishes to contest at a venue hearing an allegation in the

petition that must be denied under oath under rule 93. Except in these cases, which are expressly recognized in rule 86, it is well settled that the filing of a plea of privilege containing the general averments prescribed by the rule casts on the plaintiff the burden to plead and prove facts bringing the case within one of the statutory exceptions to the general rule that a defendant is entitled to be sued in the county of his residence. *Collins v. F.M. Equipment Co.*, 162 Tex. 423, 347 S.W.2d 575, 577 (1961); *Compton v. Elliott*, 126 Tex. 232, 88 S.W.2d 91, 93 (1935). Consequently, we hold that a plea of privilege in the usual form is sufficient to permit the defendant to prove facts bringing the case within subdivision 5(b).

We need not decide whether *Goudy* is correct in holding, notwithstanding the authorities cited, that the defendant has the burden of proving facts necessary to bring the case within subdivision 5(b). Neither do we need to consider whether a plaintiff relying on subdivision 5(a) must in every case negate the provisions of subdivision 5(b), or whether a prima facie case under subdivision 5(a) is made by proof that the defendant contracted in writing to perform an obligation in the county of the suit. Here defendant offered evidence that the obligation sued on arose out of his purchase of a hay baler and rake for use on his farm. Therefore, it is only necessary to hold, as we do, that the defendant may rebut plaintiff's proof under subdivision 5(a) by offering evidence of facts bringing the case within subdivision 5(b) without any other pleading than a plea of privilege in the form prescribed by the rule.

■ Plaintiff argues also that the trial court properly overruled the plea of privilege because defendant's proof shows that the sale was not a "consumer transaction" within subdivision 5(b), even though defendant's evidence shows that the goods purchased were intended for agricultural use. Plaintiff insists that purchase of equipment to be used in the business of farming is not a "consumer transaction," citing cases such as *Chavez v. Murrel's Welding Works, Inc.*, 585 S.W.2d 787 (Tex.

Civ.App.—San Antonio 1979, no writ), and *L & M-Surco Mfg., Inc. v. Winn Tile Co.,* 580 S.W.2d 920 (Tex.Civ.App.—Tyler 1979, writ dism'd). These cases hold in other contexts that goods bought for use in a commercial business are not consumer goods. There are also precedents, however, holding that a product to be consumed by a commercial enterprise is a "consumer good" within subdivision 31 of article 1995. *Truckers Equipment, Inc. v. Sandoval,* 569 S.W.2d 518 (Tex.Civ.App.—Corpus Christi 1978, no writ); *Maintenance & Equipment Contractor v. John Deere Co.,* 554 S.W.2d 28, 33 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ dism'd).

In view of this uncertainty in the meaning of "consumer transaction," we look to the context of the term in subdivision 5(b) to determine its meaning there. We cannot accept the interpretation of "consumer transaction" as necessarily excluding sales of goods to be used in a commercial enterprise, even though that enterprise is agriculture. This interpretation would, in effect, eliminate the words "agricultural use" from the statute and would limit the scope of the subdivision to "goods . . . intended primarily for personal, family, [or] household use." The legislative intent is clear that for the purpose of subdivision 5 (b), a "consumer transaction" includes the purchase of goods for use in ordinary agricultural pursuits as well as goods purchased for personal, family, or household use. It would be a strained interpretation to limit "agricultural use" to activities unrelated to the usual occupation of farming. In this case, therefore, we hold that the undisputed evidence establishes that the obligation in question is "based upon a consumer transaction for goods . . . intended primarily for . . . agricultural use" within subdivision 5(b).

For the reasons stated, the order overruling the plea of privilege is reversed and the cause is transferred to the district court of Shelby County.