**Joe C. BOETTCHER, Jr. Ind. and d/b/a Boettcher Land & Timber Company, Appellant,**

**v.**

**PINEY WOODS TRACTOR AND IMPLEMENTS, INC., Appellee.**

**No. 8670.**

Court of Appeals of Texas, Beaumont.

Sept. 24, 1981.

Kenneth H. Keeling, Huntsville, for appellant.

Kelly L. Newman, Lufkin, for appellee.

KEITH, Justice.

In this venue appeal the sole question presented is which subsection—*(a)* or *(b)* —of *Tex. Rev. Civ. Stat. Ann. Art. 1995, Subdiv. 5 (Supp. 1980–1981)*, controls venue of the suit.

Defendant purchased two skidders and two grapples from plaintiff for use in the harvest of timber, the transaction being financed by a bank in Lufkin. Upon defendant's default, plaintiff paid the bank and foreclosed its lien upon the equipment. It then sued the defendant in Angelina County to recover the deficiency. Defend-

ant filed his plea of privilege to be sued in Walker County and plaintiff's controverting affidavit sought to maintain venue under *Subdivision 5(a), Art. 1995.*

The equipment was purchased by defendant for use in harvesting his growing timber on some 4,000 acres of land in Walker and adjoining counties. Plaintiff made no effort to dispute the testimony of defendant and that of his father as to the use made of such equipment. Defendant's counsel, in urging his contention that he was a consumer and had purchased the equipment primarily for agricultural use, speaks of the defendant as a "tree farmer."

We do not find it necessary, in this case, to decide whether the harvesting of growing timber for profit is an agricultural use.[1]

*Subdivision 5(b)* is very broad and extends to all contractual obligations to pay money arising out of or based upon a consumer transaction "for goods, services, loans, or extensions of credit intended primarily for personal, family, household or agricultural use . . . ."

The court interpretations have been equally broad, venue having been held to be controlled by *subsection (b)* in cases involving a mechanics and materialmen's lien contract based upon a paving lien;[2] a tractor;[3] and feed used in cattle raising.[4]

Other courts, taking note of the fact that venue statutes must be strictly construed in favor of the defendants, have taken a more narrow construction. See, e.g., *Gorman-Rupp Corporation v. Kirk*, 601 S.W.2d 49 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ). Still other courts have refused to apply *subsection (b)* to a case wherein the

contract provided for payment in the county of suit. *Goudy v. Lewis*, 599 S.W.2d 677 (Tex.Civ.App.—Austin 1980, writ dism'd). The *Goudy Court* disposed of the question on the ground that the defendant had not demonstrated by testimony that the property was purchased "*primarily* for personal, family, or household use." (emphasis in text)

An analysis of the 1973 amendment to *Subdiv. 5, Art. 1995*, shows that the new *subsection (b)* is the dominant and controlling subsection. This is demonstrated by the opening phrase in *subsection (a)*: "Subject to the provisions of Subsection (b)," a suit upon a written contract may be maintained in the county of suit if a definite place therein is expressly named as the place of performance.

On the other hand, a suit on a consumer transaction may be maintained, over a defendant's timely claim of his privilege, only in the county in which he "in fact signed the contract," or in the county in which he "resides at the time of the commencement of the action."

The courts have had some difficulty in coming to grips with the two provisions, primarily because there is no statutory definition of "consumer goods." See, e.g., *Chavez v. Murrel's Welding Works, Inc.*, 585 S.W.2d 787, 789 (Tex.Civ.App.—San Antonio 1979, no writ).

We have but to utilize the rule laid down in *Goodrich v. Superior Oil Co.*, 150 Tex. 159, 237 S.W.2d 969, 972 (1951), to solve the apparent conflict in the two subsections. In *Goodrich*, Justice Garwood laid down this rule:

---

1. However, see the definition of "agricultural use" in the tax exemption provision found in *Tex. Const. Art. 8, § 1–d(a) (Supp. 1980–1981)*. See also the definition of "agricultural products" in *Tex. Rev. Civ. Stat. Ann. Art. 5738(a) (1958)*.

2. *Amaya v. Texas Securities Corp.*, 527 S.W.2d 218 (Tex.Civ.App.—San Antonio 1975, writ ref'd n.r.e.).

3. *Maintenance & Equipment Contractors v. John Deere Co.*, 554 S.W.2d 28 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ dism'd).

4. *Castleberry v. Acco Feeds, Division of Anderson, Clayton & Co.*, 525 S.W.2d 282 (Tex.Civ. App.—Eastland 1975, no writ); *Beef Cattle Co. v. N. K. Parrish, Inc.*, 553 S.W.2d 220 (Tex.Civ. App.—Amarillo 1977, no writ). Dean Elliott has commented on the last cited case: "It is believed that the learned court fell into error." 1 R. McDonald, *Texas Civil Practice § 4.11.6–(V), at 376, n. 2 (Rev.Vol.1981)*.

"The general rule of venue is, of course, that a defendant shall be sued in his own county, and however many and important are the exceptions contained in the statute, an equal doubt between the exception and the rule is to be resolved in favor of the rule. Stated differently, the application of the exception must clearly appear."

See also, *1 R. McDonald, Texas Civil Practice § 4.03.1, at 331 (Rev. Vol. 1981),* and authorities therein cited.

Defendant timely and properly claimed his right to be sued in the county of his residence under *Subsection (b)*; and, it follows that the trial court erred in overruling and in not sustaining the plea of privilege. It appears that the case was fully developed at the hearing and it is our duty now to render the judgment which the trial court should have rendered.

The judgment of the trial court is reversed and judgment now rendered sustaining the plea of privilege and transferring said cause to the County Court at Law of Walker County, Texas. It is so ordered.

REVERSED and RENDERED.