Jerry BRAGG, Appellant,

v.

BRAY IMPLEMENT COMPANY, Appellee.

No. 11–82–270–CV.

Court of Appeals of Texas, Eastland.

March 3, 1983.

Neal E. Young, Dallas, for appellant.

Dan Koontz, Renner & Snell, Lamesa, for appellee.

RALEIGH BROWN, Justice.

This is a venue case. Bray Implement Company brought suit in Dawson County against Jerry Bragg, individually and as a partner in the partnership of Custom Ag Services, asserting a breach of the partnership's lease of certain farm equipment. Bragg filed his plea of privilege to be sued in Dallas County, the county of his residence. Bray Implement controverted the

plea of privilege asserting that venue was maintainable in Dawson County under Tex. Rev.Civ.Stat.Ann. art. 1995, subdivision 5(b) (Vernon Supp.1982–1983).[1] The trial court overruled the plea of privilege. Bragg appeals. We reverse and render.

Bragg argues that since he did not, in fact, sign the contract as required by Subdivision 5(b) said Subdivision cannot be used against him to maintain venue in Dawson County. We agree.

A typewritten agreement for the lease of two cotton strippers, a tractor and a boll buggy was executed by Tom Griffin on behalf of the business known as Custom Ag Services as lessee and by Walter Bray, Manager of Bray Implement Company, as lessor. Bragg and Griffin negotiated with Bray for the lease. Bray testified that Griffin signed the lease rather than Bragg because Griffin was in the store when the lease was ready to sign and Bragg was out doing something with the machines. The partnership was not sued thus Bragg is the sole defendant.

Bray Implement urges that a contract made for a firm's benefit is binding on the partnership even though executed by only one of the partners. *Boyd v. Leasing Associates, Inc.*, 516 S.W.2d 485 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.). Further, partners in a general partnership are jointly and severally liable personally for partnership debts and as such all need not be sued. *Sheffield v. Nobles*, 378 S.W.2d 391 (Tex.Civ.App.—Austin 1964, writ ref'd). Since Griffin executed the contract on behalf of the business known as Custom Ag Services and Bragg was one of its partners, Bray Implement contends it had complied with Subdivision 5(b). We disagree.

In the instant case, we are not called upon to determine liability. We are to determine venue.

The court in *Goodrich v. Superior Oil Co.*, 150 Tex. 159, 237 S.W.2d 969 (Tex.1951) said:

> The general rule of venue is, of course, that a defendant shall be sued in his own county, and however many and important are the exceptions contained in the statute, an equal doubt between the exception and the rule is to be resolved in favor of the rule. Stated differently, the application of the exception must clearly appear.

McDonald, Texas Civil Practice Sec. 4.11.6 (rev.1981) states that the venue facts under this subdivision are "(I) that the action is founded upon a consumer transaction, and (II) that the contract was in fact signed in the county of suit." The contract was in fact signed by defendant's partner in Dawson County in the instant case, but it was not signed by the defendant. Subdivision 5(b) provides that an action or an obligation to pay money "arising out of or based upon a consumer transaction for goods . . . intended primarily for personal, family, household or agricultural use" may be brought either in the county where "the defendant in fact signed the contract" or in the county in which the defendant resides. See *Hudman v. John Deere Company*, 620 S.W.2d 752 (Tex.Civ.App.—Dallas 1981, no writ). We, therefore, hold that the second venue fact requires that the defendant in fact sign the contract in the county.

Bragg, the sole defendant, was a resident of Dallas County at the time the contract was signed. Bragg did not sign the contract. Bray Implement Company has therefore failed to prove facts necessary to bring the case within Subdivision 5(b).

---

1. Tex.Rev.Civ.Stat.Ann. art. 1995, subdivision 5(b) (Vernon Supp.1982–1983):

(b) In an action founded upon a contractual obligation of the defendant to pay money arising out of or based upon a consumer transaction for goods, services, loans, or extensions of credit intended primarily for personal, family, household or agricultural use, suit by a creditor upon or by reason of such obligation *may be*

*brought against the defendant either in the county in which the defendant in fact signed the contract, or in the county in which the defendant resides at the time of the commencement of the action.* No term or statement contained in an obligation described in this subsection shall constitute a waiver of this provision. (Emphasis ours).

The order overruling the plea of privilege is reversed, and we render judgment transferring the cause to a district court of Dallas County.

