Frank BEARD, Appellant,

v.

CURRY & CURRY, P.C., Appellee.

No. 07–82–0215–CV.

Court of Appeals of Texas, Amarillo.

Dec. 29, 1983.

**916**

Russell D. Daves, Lubbock, for appellant.

Dick Alexander, Lubbock, for appellee.

Before REYNOLDS, C.J., and DODSON and COUNTISS, JJ.

DODSON, Justice.

In this venue phase of the action, Frank Beard appeals from the trial court's order overruling his plea of privilege to be sued in the county of his residence (*i.e.*, Hockley County, Texas). By one point of error, Beard claims the trial court erred in overruling his plea of privilege because the evidence is legally and factually insufficient to support an exception under Tex.Rev.Civ. Stat.Ann. art. 1995, § 5(b) (Vernon Supp. 1982–1983). We reverse and render.

Subdivision 5(b) of art. 1995 provides:

(b) In an action founded upon a contractual obligation of the defendant to pay money arising out of or based upon a consumer transaction for goods, services, loans, or extensions of credit intended primarily for personal, family, household or agricultural use, suit by a creditor upon or by reason of such obligation may be brought against the defendant either in the county in which the defendant in fact signed the contract, or in the county in which the defendant resides at the time of the commencement of the action. No term or statement contained in an obligation described in this subsection shall constitute a waiver of this provision.

In the present case, to sustain venue, Curry & Curry was required to establish both (1) that their action against Beard was founded upon a contractual obligation to pay money arising out of or based upon a consumer transaction for services intended primarily for personal, family, household or agricultural use; and (2) that Beard in fact signed the contractual obligation in the county of suit (*i.e.*, Lubbock County, Texas). This, Curry & Curry failed to do.

The record shows that Beard lived and resided in Levelland, Hockley County, Texas, and his principal employment was with the Veterans Administration of the United States Government at the Lubbock, Texas, office. He has been employed by the Veterans Administration since 1972. In addition to his primary employment with the Veterans Administration, Beard, from time to time, built and constructed houses for third parties. Sometime prior to November, 1979, Beard, operating as Beard Construction Company, built a house for a certain third party on Lot 2, Block 46 in the Ransom Canyon addition in Lubbock County, Texas. A dispute arose between Beard and the third party over the amount due Beard for the construction project. Beard placed a mechanics' and materialmen's lien with the law firm of Curry & Curry to recover the balance due on the construction project. Curry & Curry filed suit on the mechanics' and materialmen's lien in Lubbock County, Texas. The third party filed a cross-action against Beard under the Texas Deceptive Trade Practices Act. Beard executed two contractual obligations in favor of Curry & Curry for legal services rendered in the action on the mechanics' and materialmen's lien and the cross-action by the third party. The record shows that these contractual obligations were signed

by Beard in Lubbock, Lubbock County, Texas.

In their action against Beard, Curry & Curry alleged that the sum of $4,588.32, plus interest and attorney's fees, is due on their open account with Beard. The action was filed in Lubbock County, Texas, in the 137th District Court of Lubbock County, Texas. Beard filed his plea of privilege to be sued in Hockley County, Texas. By their controverting plea, Curry & Curry allege that venue is sustained under subdivision 5(b) of art. 1995. After a hearing, the trial court overruled Beard's plea of privilege.

On appeal, Beard requests this Court to reverse the judgment of the trial court and to render judgment directing that the cause be transferred to the district court in Hockley County, Texas. In support of his position, Beard claims the evidence is legally insufficient to sustain venue in Lubbock County, Texas, under subdivision 5(b) because the undisputed evidence shows that his alleged contractual obligation with Curry & Curry arose out of, and is based upon, a consumer transaction for legal services which were primarily intended for his business and commercial purposes rather than for his personal, family, household or agricultural uses.

In *Amaya v. Texas Security Corporation,* 527 S.W.2d 218 (Tex.Civ.App.—San Antonio 1975, writ ref'd n.r.e.) the court determined that subdivision 5(b) applies to an action founded upon a contract of the defendant to pay money arising out of or based upon a consumer transaction for goods, services, loans or extensions of credit which were primarily intended for the defendant's personal, family, household or agricultural use. In *Goudy v. Lewis,* 599 S.W.2d 677, 679 (Tex.Civ.App.—Austin 1980, writ dism'd) the court determined that subdivision 5(b) does not apply to an action founded upon a contractual obligation of the defendant to pay money arising out of or based upon a consumer transaction for goods, services, loans or extensions of credit which were primarily intended for the defendant's business or commercial uses.

In the present case, the undisputed evidence shows that the alleged contractual obligation of Beard to pay money to Curry & Curry arose out of and was based upon a consumer transaction for legal services which were primarily intended for his construction business and commercial use rather than for his personal, family, household or agricultural use. Consequently, subdivision 5(b) does not apply in this instance. Beard's point of error is sustained.

The judgment of the trial court is reversed and judgment is here rendered that Beard's plea of privilege is granted and the District Clerk of Lubbock County, Texas, is directed to transfer this cause of action to the District Court of Hockley County, Texas.