**C.E. WALLACE & Dolly Wallace, Appellants,**

v.

**Jerome M. WOLFSON, Appellee.**

**No. 05–83–00319–CV.**

Court of Appeals of Texas, Dallas.

May 9, 1984.

James L. Clark, Naples, for appellants.

Stephen Alan Lerer, Dallas, for appellee.

Before AKIN, SPARLING and SHUMPERT, JJ.

AKIN, Justice.

Wolfson sued C.E. and Dolly Wallace in Dallas County to recover unpaid rents allegedly due under a lease of real property located in Morris County. The Wallaces filed a plea of privilege to be sued in Morris County, their domicile. Wolfson controverted on the basis of the former venue statute, TEX.REV.CIV.STAT.ANN. art. 1995, § 5(a) (Vernon Supp.1983).[1] The Wallaces contend that the trial court erred in overruling their plea because section 5(b) applies, rather than 5(a). We disagree and, accordingly, affirm.

■ Wolfson, as lessor, and the Wallaces, as lessees, entered into a lease for real property in Morris County, to be used for agricultural purposes. The lease provided that rent was to be paid to Wolfson in Dallas County. Venue in suits upon written contracts is determined by the provisions of section 5:

(a) *Subject to the provisions of Subsection (b)*, if a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile.

(b) In an action founded upon *a contractual obligation of the defendant to pay money arising out of or based upon a consumer transaction for goods*, services, loans, or extensions of credit intended primarily for personal, family, household *or agricultural use*, suit by a creditor upon or by reason of such obligation may be brought against the defendant either in the county in which the defendant in fact signed the contract, or in the county in which the defendant resides at the time of the commencement of the action. No term or statement contained in an obligation described in this subsection shall constitute a waiver of this provision. [emphasis added]

Subsection (b) is the dominant and controlling subsection. If (b) applies, venue cannot be maintained under subsection (a). *Boettcher v. Piney Woods Tractor and Implements, Inc.*, 622 S.W.2d 612, 613 (Tex.App.—Beaumont 1981, no writ). The Wallaces concede that if subsection (b) does

---

1. Section 5, as it existed at the time this action was brought, was reenacted verbatim as section 3(e) in the new venue statute. Act of May 28, 1973, ch. 213, § 1, 1973 TEX.GEN.LAWS 489, *repealed by* Act of June 17, 1983, ch. 385, § 1, 1983 TEX.GEN.LAWS 2119, 2120.

not apply, venue is properly in Dallas County under subsection (a) because the contract provides that their obligation to pay rent is to be performed here.

■ Thus, the issue before us is whether a lease of land for agricultural purposes constitutes goods within the meaning of subsection (b). The term "goods" is not defined in article 1995. The Wallaces contend that we should look to the definition contained in the Texas Deceptive Trade Practices Act. TEX.BUS. & COM.CODE ANN. §§ 17.41 et. seq. (Vernon Supp.1984). Section 17.45 defines goods as "tangible chattels or real property." The DTPA and section 5 of the venue act were enacted by the same legislature during the same period of time. Both provisions were intended to serve as consumer protection. In construing a statute, courts may look to the construction given the same word in other acts pertaining to the same subject. *L & M-Surco Manufacturing, Inc. v. Winn Tile Co.*, 580 S.W.2d 920, 926 (Tex.Civ.App. —Tyler 1979, writ dism'd). The Wallaces contend, therefore, that we should look to the DTPA for the definition of "goods" as used in subsection 5(b).

■ We disagree. The definition of "goods" as used in the DTPA varies greatly from the ordinary and common usage of the word. If the legislature intended such an uncommon meaning for that word to apply in the venue statute, it would have so defined it, as it did in the DTPA. Thus, we hold that "goods" as used in subsection 5(b) should be given its ordinary meaning rather than the definition of that word specified in the DTPA. In this respect, it is relevant to note that the DTPA contains its own venue provision, section 17.56.

■ If a statute is plain and unambiguous there is no need to resort to the various rules of construction. *Ex Parte Roloff*, 510 S.W.2d 913, 915 (Tex.1974). Words used unambiguously should be given their ordinary meaning. *Pennington v. Singleton*, 606 S.W.2d 682, 687 (Tex.1980). The ordinary meaning of the word goods does not include real property:

A term of variable content and meaning. It may include every species of personal property or it may be given a very restrictive meaning.

Items of merchandise, supplies, raw materials, or finished goods. Sometimes the meaning of "goods" is extended to include all tangible items, as in the phrase "goods and services."

Black's Law Dictionary 624 (rev. 5th ed. 1979). Webster's New International Dictionary 1078 (2d ed. 1941) defines goods as "wares; commodities; chattels," and goes on to add "In law, a comprehensive name for almost all personal property as distinguished from land or real property." We hold, therefore, that the term goods as used in section 5(b) does not include interests in real property. Accordingly, the judgment is affirmed.